**LAVERETT v. CONTINENTAL BRIAR PIPE CO., Inc.**

No. 7540.

District Court, E. D. New York.

Oct. 26, 1938.

Evarts, Choate, Curtin & Léon, of New York City, for plaintiff.

Safirstein & Handel, of New York City, for defendant.

MOSCOWITZ, District Judge.

These are two motions; one by the defendant to modify the notice to take the deposition of one Jerome Gevirman, president of the defendant corporation, the other by the plaintiff for an order directing the Clerk of this Court to issue a subpoena duces tecum directed to Jerome Gevirman for him to attend before a certain Notary Public in the County and State of New York, and directing the said Gevirman to bring with him and produce certain books, records and papers more particularly described in the

affidavit of John M. Murtagh annexed to the motion papers.

██ The defendant Continental Briar Pipe Company, Inc., has its principal office and place of business at 80 York Street, County of Kings, City and State of New York, where all the books and records of the business of the defendant are kept. Jerome Gevirman, president of the defendant corporation, resides at 132 Dover Street, Borough of Brooklyn, County of Kings, City of New York.

Rule 45 of the Rules of Civil Procedure for the District Courts of the United States, Subdivision (d) (2), 28 U.S.C.A. following section 723c, provides: "A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person."

Gevirman therefore should not be required to attend an examination in the County of New York as he does not reside nor is he employed nor transacts his business in person in New York. The examination should proceed in the County of Kings. Upon the settlement of the order to be entered upon this motion the Court will decide, after hearing the attorneys, whether the examination shall take place at the United States Court House, located in the Borough of Brooklyn, County of Kings, State of New York, or at the defendant's place of business, located at 80 York Street, Borough of Brooklyn, County of Kings, State of New York.

The complaint sets forth that P. Blanc & Company, a co-partnership whose co-partners reside in France, sold and delivered to the defendant at the City of New York certain merchandise consisting of briarwood, specifically set forth in four causes of action. Plaintiff is the assignee of said claims. The defendant denies that it purchased the briarwood in question from P. Blanc & Company and in its answer affirmatively sets up a counter-claim for alleged breach of contract between P. Blanc & Company, plaintiff's assignor, and the defendant. The plaintiff, pursuant to Rule 26 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, seeks to examine Jerome Gevirman.

The question involved herein is important, not so much because of any great complexity of legal problems which it may immediately present, but because it raises the issue of the basic spirit and purpose of these new Rules of Civil Procedure adopted by the Supreme Court of the United States pursuant to the authority vested in it by the Act of June 19, 1934, ch. 651, §§ 1, 2, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c, among other statutes. For years students of procedure have awaited the day when a somewhat antiquated system of Federal procedure might be supplanted by a more facile, less rigid structure better adapted to the swift and just disposition of legal disputes. Chief Justice Hughes, speaking before the Annual Meeting of the American Law Institute, said shortly before the appointment of the Advisory Committee which drafted these rules: "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances." See (1935) 21 A.B.A.J. 340, 341.

██ In this spirit, the Advisory Committee undertook its work. It had two main objectives. The first was the union of law and equity, adequate precedent for which existed in many of the state systems. The second objective was simplicity and flexibility, with not too much detail. See Report of Proceedings of the Institute on Federal Rules, Cleveland, Ohio (1938) 189. In the light of these objectives the Rules must be interpreted. Reflection upon the fate of some of the State codes when construed in the spirit of past decisions rather than according to the intent of the code, should admonish us not to dissociate the written word from the intent with which it was placed upon the page. Only too frequently in the past have procedural rules been regarded as ends in themselves upon whose rigid altar has ultimate justice been sacrificed. Having been presented with a brief, simple set of Rules of Procedure, they should be construed as avenues to justice and not dead-end streets without direction or purpose.

The field of depositions and discovery, covered by Rules 26 to 37, 28 U.S.C.A. following section 723c, was particularly liberalized by the new Rules. See Johnston, Depositions, Discovery and Summary Judgments Under the Proposed Uniform Federal Rules (1938) 16 Tex.L.Rev. 191, 194; Conboy, Depositions, Discovery and Summary Judgments (1936) 22 A.B.A.J. 881.

They made a great advance over the previous practice in this field, both in law and in equity. For a discussion of the extent that depositions and discovery were permitted under the old practice, see Report of Proceedings of the Institute on Federal Rules, supra, at 277 et seq.

■ The question presented herein concerns the extent of the privilege of deposition-taking and the scope of the examination permitted thereunder. Rule 26(a) provides that " * * * the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 26(b) provides that " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party * * *." 28 U.S.C.A. following section 723c.

Construed together, these two clauses permit the broadest type of examination. Limitations which have been placed upon deposition-taking by state courts, such as the necessity of having the affirmative upon the issue on which examination is sought, find no basis in the new Rules. It will not avail a party to raise the familiar cry of "fishing expedition." The history of the successive drafts of the Rules indicates that this problem received adequate consideration and it was felt that the present provisions fall short of a "fishing expedition." See Hammond, Some Changes in the Preliminary Draft of the Proposed Rules of Civil Procedure (1937) 23 A.B.A. J. 629, 631.

Rule 30(b) provides: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present

except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

Rule 30(d) provides: "At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable." 28 U.S.C.A. following section 723c.

■ The powers given to the court pursuant to Rule 30(b) and 30(d) to limit and terminate examinations are afforded for the protection of the parties and deponents, but it was not intended that they be made the basis of an application to the Court in every case. It is only where bad faith, annoyance, embarrassment, oppression or the like are the purpose of the examination, or other special circumstances occur, that the Court should be asked to intercede.

■ Viewing the present case in the light of these principles the plaintiff is entitled to a full and fair examination of the defendant's officer.

■ These Rules should not be whittled away by strained judicial interpretations. They should be interpreted broadly and liberally. The purpose of the examination

contemplated by these Rules is to narrow the issues, promote justice, and thus not make the trial of a law suit a game of chance or of wits. It is in that spirit that these new Rules should be construed.

Defendant's motion to modify the notice of taking deposition is denied.

Plaintiff's motion for an order directing the Clerk of this Court to sign and attest the subpoena duces tecum is granted.

Settle orders on notice.