**NEWCOMB v. UNIVERSAL MATCH CORPORATION.**

No. 7019.

District Court, E. D. New York.

Nov. 1, 1938.

Frederick W. Ritter, of Long Island City, N. Y., for plaintiff.

Henry Woog, of New York City, for defendant.

MOSCOWITZ, District Judge.

These are two motions; one by the plaintiff for an order "vacating and setting aside the defendant's notice, dated September 29th, 1938, for the examination of the plaintiff pursuant to Rules 30–37 of the Rules of Civil Procedure for the District Courts of the United States", 28 U.S.C.A. following section 723c, the other by the defendant for the following relief:

"1. Precluding the plaintiff from giving any evidence upon the trial of this action

"(a). In support of any item upon which he claims commissions, as to which items he at this time has any knowledge, except such items as are enumerated in one or more of the bills of particulars heretofore served by him herein, and as to which he gives the name of the customer, the date of the order, the date of the shipments to the customers, the amount of the shipments, the rate of commission, and the gross commission.

"(b) In support of any deduction from his commissions made by the defendant, and which the plaintiff claims was improperly made, as to which he at the present time has knowledge or information, except such deductions as are set forth in one or more of the bills of particulars heretofore served by the plaintiff herein.

"2. Appointing some person, as Special Master or Auditor herein, at St. Louis, Mo., pursuant to the provisions of subdivision 5 of Rule 16 of the Rules of Civil Procedure of this Court, authorizing and directing him to make a preliminary examination of the issues as to the sales made by the defendant upon which the plaintiff claims commissions, and the deductions from or charges or credits against the same, and the damages, if any, to which the plaintiff will be entitled if he recovers in this action; the findings of such Auditor or Special Master to be used as evidence."

This action is brought by the plaintiff to recover for commissions which he claims he earned as a salesman. In addition to a general denial defendant has interposed the defense of accord and satisfaction.

Counsel have referred to Rule 30(b) and 30(d) as governing the disposition of the motion relating to the examination before trial. Rule 30(b) and 30(d) provide as follows:

"Rule 30. * * * (b) After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. * * *

"(d) At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time

necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable."

Rule 30(b) provides that the Court, after the service of a notice of taking deposition by oral examination, upon a motion seasonably made upon notice and for a good cause shown by any party or by a person to be examined, may make an order that the deposition shall not be taken, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited as to certain matters, or the Court may make an order which justice requires to protect the party from annoyance, embarrassment, or oppression.

Rule 30(d) provides that during the taking of the deposition, upon motion duly made showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the party, the Court may make an order directing the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of taking the deposition as provided in subdivision (b).

There is nothing in the motion papers justifying "an order vacating and setting aside the defendant's notice * * * for the examination of the plaintiff." In this case the defendant has interposed a separate defense of accord and satisfaction. Even if that were not so and he had only interposed a general denial, that would not defeat the right of the defendant to examine the plaintiff before trial. A party may have an examination before trial even though he does not have the affirmative upon the issue upon which the examination is sought. I had occasion to consider this question in the case of Frank D. Laverett v. Continental Briar Pipe Co., Inc., D.C., 25 F.Supp. 80, decided on October 26, 1938.

The motion made by the plaintiff to vacate the notice for examination will be denied.

The motion made by the defendant has two branches—one to preclude the plaintiff from giving evidence upon the trial of the action, and the other appointing a Special Master or Auditor at St. Louis, Missouri, authorizing and directing him to make a preliminary examination of certain issues.

The defendant made a motion for a bill of particulars requesting that the plaintiff be required to furnish the following information:

"10. State in detail in what manner the statements submitted by the defendant to the plaintiff did not contain a complete list of the business brought in by the plaintiff, or to which the plaintiff was entitled to be credited, stating specifically the name of each customer whose business was omitted, the amount of the omission, the date of the shipment, and the commission claimed thereon.

"12. Furnish an itemized statement of all commissions claimed by the plaintiff, giving the name of each customer, the date of the order, the date of the shipments to the customers, the amounts of the shipments, the rate of commission and the gross commission."

Judge Byers made an order on March 30, 1937, granting the defendant's demand for a bill of particulars in part, as follows:

"Plaintiff will give the information demanded to the full extent that he is now able to do so stating in his answers affirmatively that he is unable to give further information; but there is reserved to the plaintiff the right to supplement this information promptly on coming into possession of the same."

The defendant in said motion also requested that there be included in plaintiff's bill of particulars the following:

"11. Furnish an itemized statement of the deductions referred to in paragraph 'Fourteenth' of the complaint, stating the exact date when made and the reason assigned therefor."

Judge Byers, in dealing with item 11, made an order which provided as follows:

"Item 11 is granted to the extent that the plaintiff is required to give the information requested as to all deductions now asserted to be improper, with the right to add to the same, if any additional items are discovered later."

On May 17, 1937, plaintiff served a bill of particulars which defendant claimed was insufficient. The defendant thereafter made a motion for a further bill of particulars. An order was thereafter made by Judge Galston on July 19, 1937, requiring the plaintiff to "State affirma-

tively that he has by said bill of particulars given all the required data within his possession at this time, if that is a fact, and if he has not given all the required data now within his possession he shall also supplement the answers heretofore given by giving all the data required which is now within his possession."

Pursuant to Judge Galston's order plaintiff served a supplemental bill of particulars dated July 24, 1937, containing the following language:

"By his original bill of particulars, as well as by this bill of particulars, plaintiff has given all the required data with respect to these items within his possession at this time."

Mr. Woog, defendant's attorney, in his affidavit verified the 29th day of September, 1938, in support of this motion, states:

"Subsequently, this defendant granted the plaintiff an examination of its records relating to sales, after having first supplied the plaintiff with a detailed and itemized copy of the plaintiff's account as the defendant had made it up from its own records; the plaintiff and his accountant spent an entire month, working thereon every day and all day, in the examination of these records; upon the conclusion of that examination, the plaintiff's accountant made a report, in which he alleged generally, without giving any details, that he had discovered discrepancies on the basis of which the plaintiff would be entitled to at least $15,000 more than he had received."

The defendant made an application requiring the plaintiff to furnish a further bill of particulars. Judge Byers made an order dated May 31, 1938, directing the service of a supplemental bill of particulars, using the following language:

"The plaintiff will serve and file a supplemental bill of particulars setting forth any additional information which he now has of the nature called for by the first order of March 30, 1937. If the plaintiff has no additional information, he shall so state affirmatively."

Thereafter, the plaintiff served a third bill of particulars, verified July 18, 1938. In this bill of particulars he failed to state the gross contract price or the rate of commission. This bill of particulars contained the following language:

"With respect to each of the foregoing, plaintiff states that he is unable at this time to give further information, and reserves the right to supplement this information promptly upon coming into possession of the same."

Under orders of this Court the plaintiff is required to furnish the defendant with all the information in his possession concerning the gross contract price or the rate of commission. If the plaintiff has complied with the orders of this Court and has furnished the defendant with all information in his possession in compliance with the orders of this Court, he will not be precluded from giving evidence. However, if it should develop upon the trial of this action that the plaintiff is now in possession of the necessary information and has not complied with the orders of the Court by failing to furnish the same to the defendant, he will be precluded from giving any evidence thereof upon the trial.

In November 1937 defendant made an application to this Court for the appointment of an auditor. This motion was denied by Judge Galston in the following language:

"The motion of the defendant to appoint an auditor must be denied, since in an action at law there is no statutory provision or other practice which sanctions it."

Rules 16(5) and 53(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, expressly provide for the appointment of a Special Master under certain circumstances.

The defendant has requested the appointment of an auditor to make a preliminary examination and to report to the Court the amount of the commissions earned by the plaintiff and not paid to him.

Rule 53(a) provides that the word "master" includes a referee, an auditor, and an examiner.

It is quite likely that if the plaintiff waits until the trial to examine the defendant's records, the trial will take three weeks as it will undoubtedly be necessary for the plaintiff and his witnesses to make long and tedious examinations of the books. This is necessarily so because there are many thousands of transactions involved covering a period of six years, some of the items being for less than One Dollar. A consideration of all these items will involve a Herculean task for the

jurors to perform. The Court's time and that of the litigants and their attorneys can best be served by the appointment of an auditor. This preliminary reference to an auditor will narrow the issues and thus save the time of the Court, jury, and counsel. Under these new Rules the trial of a law suit will no longer be a game of chance, but a just determination of the real issues existing between the parties. These new Rules will really promote the proper administration of justice and were ideally drawn to cover the situation in this case.

The defendant's offices and factory, books and records, as well as its officers, are located in St. Louis, Missouri. It merely maintains a salesroom and selling office in New York. To bring all the officers and books and records to New York would involve a great deal of expense and would seriously interfere with the defendant's business.

The auditor will be appointed at St. Louis, Missouri. If the plaintiff, for any reason, does not avail himself of the right to appear before the auditor, either in person or by counsel at St. Louis, Missouri, he will be permitted to examine the officers by written interrogatories, copies of which shall be served upon the defendant's attorney at least ten days prior to the first examination conducted by the auditor.

Settle orders on notice.