### ORANGE COUNTY THEATRES, Inc., v. LEVY et al.

District Court, S. D. New York.
Nov. 10, 1938.

Stuart M. Miller, of Brooklyn, N. Y., for plaintiff.

Austin C. Keough, of New York City (Louis Phillips, of New York City, of counsel), for defendant Paramount Pictures, Inc.

CONGER, District Judge.

This is an application on the part of the defendant Paramount Pictures, Inc., to examine the plaintiff, through its President and such other officers and persons as may have knowledge of the various matters hereinafter referred to.

The application is made pursuant to Article 5, Rules 26, 30 and 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant is entitled to the examination asked for. The matters to be inquired into come clearly within the above sections of the Federal Rules of Civil Procedure.

The plaintiff objects to the examination on many items for the reason that this defendant has already had the information in a bill of particulars. However, there is a difference between a bill of particulars and an examination under the above rules. The defendant is entitled to both of these. As a matter of fact, at the time it made application for and received the bill of particulars, it was not entitled to the relief herein asked for.

The office of a bill of particulars is to enlarge upon the complaint and to make more certain and give more details regarding matters in the complaint which are not set forth with sufficient definiteness or particularity to enable a party to prepare for his responsive pleading or to prepare for trial.

The rules providing for the examination asked for herein go further and provide for an examination by either party "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to · the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." Rule 26(b), Federal Rules of Civil Procedure.

In this application, however, the only person who may be examined is Harry Friedman, the President of the plaintiff herein. This ruling is made pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, which provides as follows: "The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs."

The only person mentioned in the moving papers is Harry Friedman, President of the plaintiff. The words "such other officer or officers as may have knowledge of the various matters hereinafter referred to" is too general a statement to compel the plaintiff to produce anyone for examination.

With regard to the production of books, papers, documents, etc., of the

418

Strand Theatre for inspection, the plaintiff is only required to produce them if "they are in its possession, custody or control", and generally, with regard to the production of books, papers and documents, the plaintiff is required to produce for inspection, copying and photographing, the following "stockbook, ledger, journal, cash book or similar books and records of account, bank books, bank deposit slips, check books, cancelled vouchers, contracts, income tax returns to the Federal and New York State Governments for the years 1935, 1936 and 1937, play date booking records, correspondence to and from the defendants". Settle order on notice.