## MEEHAN v. SCHENLEY DISTILLERS CORPORATION et al.

District Court, S. D. New York.
April 11, 1939.

Daniel Flynn, of New York City, for plaintiff.

Chadbourne, Wallace, Parke & Whiteside, of New York City (Ralph D. Ray, of New York City, of counsel), for defendants.

HULBERT, District Judge.

These are cross motions. The defendants seek a bill of particulars and the plaintiff applies, before answer, for an examination of the defendants "by such officer or officers who have knowledge of the transactions referred to in the complaint herein" and for the production of certain books and other data for purposes of inspection to enable the plaintiff to furnish a bill of particulars.

■ The action was commenced in the New York Supreme Court, New York County, where the defendants' remedy would have been to move to make the complaint more definite and certain, as a motion for a bill of particulars is not in order until after issue joined. But the action having been removed here, of course, the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prevail.

A separate cause of action is alleged against each defendant.

■ It is claimed that up to and including Sept. 3rd, 1937, plaintiff was the registered owner of 100 shares of stock of Schenley Distillers Corporation represented by stock certificate No. 23226, issued in her name; that said stock certificate was wrongfully delivered to the defendant Manufacturers Trust Company without endorsement by the plaintiff and without her knowledge or consent as collateral security for a loan, and that the said defendant Manufacturers Trust Company converted the certificate and the shares represented thereby, which then had a market value of $4,025, and that a transfer of said certificate was made upon the books of the defendant Schenley Distillers Corporation to a third person.

The defendants seek to ascertain the circumstances under which the said certificate of stock left the possession of the plaintiff and the particulars of such transfer and the plaintiff denies all knowledge thereof.

Each motion is granted but the plaintiff will not be required to furnish the bill of particulars until ten days after the examination of the defendants and the production for inspection of the documents and data set forth in her notice of motion.

Orders to be settled on two days' notice.