## NEWCOMB v. UNIVERSAL MATCH CORPORATION.

### No. 7019.

District Court, E. D. New York.

May 8, 1939.

Frederick W. Ritter, of Long Island City, N. Y., for plaintiff.

Henry Woog, of New York City, for defendant.

MOSCOWITZ, District Judge.

These are two motions:

One, made by the defendant for the following relief:

"(1) Adjudging plaintiff in contempt of Court for his refusal to answer questions put to him on his examination before trial, and to produce documents and papers in accordance with the order and subpoena served upon him, and punishing him accordingly.

"(2) Requiring plaintiff, upon his examination pursuant to the order made herein on November 10, 1938 and the stipulation of the parties thereunder, to answer all relevant questions relating to any issue in this action, and to produce all papers, documents and records which he ever received from defendant, or any of its representatives, or which were obtained by plaintiff or his accountants from defendant's records, for the purpose (a) of refreshing the recollection of the witness, (b) for introduction into evidence, and (c) for a discovery and inspection thereof by the defendant with the right to make copies thereof.

"(3) Directing the plaintiff to pay the costs of this application."

The other, by the plaintiff "for an order, pursuant to Rule 30 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, terminating the deposition of the plaintiff taken by the defendant, or, in the alternative, limiting said deposition to written interrogatories concerning certain specified matters only."

This Court has had occasion to consider certain phases of this case in an opinion filed November 1, 1938, 25 F.Supp. 169, 171. No good reason appears why the examination of the plaintiff by the defendant should be terminated or why it should be limited to written interrogatories.

The examination consists of a few pages only. It would seem that it was hardly begun when this application was made by the plaintiff. That portion of Subdivision b of Rule 30 which authorizes the Court to direct that the examination proceed on written interrogatories was not intended to cover the situation presented in this case. Here defendant is entitled to a general examination of plaintiff. This Court had occasion to so state in this very case, supra, as follows:

"In this case the defendant has interposed a separate defense of accord and satisfaction. Even if that were not so and he had only interposed a general denial, that would not defeat the right of the defendant to examine the plaintiff before trial. A party may have an examination before trial even though he does not have the affirmative upon the issue upon which the examination is sought. I had occasion to consider this question in the case of Frank D. Laverett v. Continental Briar Pipe Co.,

938

Inc., D.C., 25 F.Supp. 80, decided on October 26, 1938.

"The motion made by the plaintiff to vacate the notice for examination will be denied."

█ The motion made by the defendant to punish the plaintiff for contempt will be denied as it does not appear that the contempt was willful, plaintiff having refused to testify because of the objection made by his counsel; however, the plaintiff will be directed to proceed with the examination and answer the questions propounded to which objection has heretofore been made by plaintiff's counsel. The defendant is entitled to a fair and complete examination of the plaintiff, and to the production of the necessary records as is provided in the order of the Court made pursuant to Subdivision d(1) of Rule 45 of the Rules of Civil Procedure for the District Courts of the United States.

Settle orders on notice.