## COHEN v. PENNSYLVANIA R. CO. et al.

District Court, S. D. New York.

Dec. 6, 1939.

Emil K. Ellis, of New York City (Emil K. Ellis and Daniel A. Weber, both of New York City, of counsel) for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Martin Conboy, David Asch, and F. W. H. Adams, all of New York City, of counsel), for defendant Pennsylvania R. Co.

CONGER, District Judge.

The defendant moves here to vacate a notice to take the "deposition of the defendant Pennsylvania Railroad Company, by Mr. A. J. County, Vice-President, and such other officer or officers as may have knowledge of the facts * * *", served upon the defendant by the plaintiff.

A sworn statement, submitted by the defendant, states that Mr. A. J. County, mentioned in the notice, has not been in the em-

ploy of the defendant for at least eleven months prior to the service of the notice.

 It is obvious that under Rule 26 (d), clause (2), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, the plaintiff may not take the deposition of Mr. A. J. County, as a representative of the defendant corporation, since the Rule refers to the "deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation * * *."

The notice is also defective so far as it provides for taking the deposition of the defendant by "such other Officer or Officers as may have knowledge of the facts", since Rule 30 (a) provides that "The notice shall state * * * the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs."

This Court in the case of Orange County Theatres v. Levy, D.C., 26 F.Supp. 416, 417, held that "such other officer or officers as may have knowledge of the various matters hereinafter referred to", was too general a statement to compel the plaintiff to produce anyone for examination. See also Freeman v. Hotel Waldorf-Astoria Corporation, D.C., 27 F.Supp. 303.

In the case of Kulich v. Murray, D.C., 28 F.Supp. 675, 676, this Court allowed the notice to stand under Rule 30 (a) since it satisfied the requirement, in that, the person sought to be examined was designated as the "Manager of its Claim Department * * *", a much different situation than exists in the case at bar. I think, also, that the case of Meehan v. Schenley Distillers Corp., D.C., 27 F.Supp. 989, should be limited to its particular facts.

The defendant seeks to have the Court use its discretion under Rule 30 (b) and "* * * make an order that the deposition shall not be taken * * *", but under the facts as shown the Court refuses to do this.

The Court feels, under Rule 30 (b) that the oral depositions, if taken, should be taken in Philadelphia, the principal place of business of the defendant. Laverett v. Continental Briar Pipe Co., D.C., 25 F. Supp. 80.

While it is true that the new Rules of Civil Procedure should be interpreted broadly and liberally (Laverett v. Continental Briar Pipe Co., supra), it is not true that the Courts are to circumvent these very Rules in a broad or liberal interpretation.

The Court does not feel that it should designate how the plaintiff should proceed with his examination, or whom he should examine, but leaves that to the plaintiff. The motion, therefore, is granted without prejudice, so that the plaintiff may proceed in accordance with the Rules.

Settle order on notice.