## BOICZUK v. BALTIMORE & O. R. CO.

District Court, S. D. New York.

Nov. 2, 1944.

John Mithertz, of New York City, for plaintiff.

Robert Schwebel, of New York City, for defendant.

CAFFEY, District Judge.

In this court other judges have heretofore rendered decisions which, as I read them, determine the practice and all law questions presented by the pending motion. I regard it as my duty to follow those decisions and I shall refer to no other.

■ In the absence of agreement between the parties an oral deposition (such as is sought in this case) must be taken in compliance with the rules. Spaeth v. Warner Bros. Pictures, D.C., 1 F.R.D. 729, 730, second paragraph of the opinion.

■ Unless deposition of DeLuco be taken by consent on written interrogatories, or counsel arrange otherwise, I think the deposition should be taken at Ogden, Pennsylvania, or at some other point in the county in which Ogden is located that I shall fix if counsel desire and will supply me the information I shall need in order to enable me to make the choice. I feel also that a condition to taking the deposition at or near Ogden is that in advance the plaintiff shall pay the defendant's counsel his travel expense and a reasonable counsel fee for attending the taking of the deposition. Houghton Mifflin Co. v. Stackpole Sons, D.C., 1 F.R.D. 506, 507, last paragraph; Fairwater Transp. Co. v. Chris-Craft Corp., D.C., 1 F.R.D. 509, 510, at bottom of first column; and Moore v. George A. Hormel & Co.,

D.C., 2 F.R.D. 340, 342, second, third and fourth full paragraphs of first column.

If counsel do not agree on the amount to be paid either for travel expense or for a fee, I will settle the question and insert the necessary figures in the order hereon. Information for my use in deciding the amounts may be sent me in affidavits or in letters from counsel, of which each should serve copies on his opponent.

If the deposition of DeLuco be taken, then by reason of the use of the word "or" in the last full line of the notice, there will be no occasion to take any other deposition under the notice. Even though, however, the plaintiff wish to examine others orally, I think it plain that the identification of those to be called is insufficient. On this account, examination of other witnesses must be denied, with leave to renew the motion in respect thereto when their names or other adequate means of identification can be supplied. Spaeth and Moore cases, supra; Orange County Theatres v. Levy, D.C., 26 F.Supp. 416, 417, last full paragraph of right column; Freeman v. Hotel Waldorf-Astoria Corporation, D.C., 27 F.Supp. 303; and Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419, 420, second and third full paragraphs of left column.

Settle order accordingly on two days' notice.