## MOORE v. LEHIGH VALLEY R. CO. et al.

District Court, S. D. New York.

March 18, 1946.

See also 70 F.Supp. 461.

Nathan Baker, of Hoboken, N. J., for plaintiff.

Alexander & Green, of New York City (Herbert S. Ogden, of New York City, of counsel), for defendant Lehigh Valley R. Co.

CAFFEY, District Judge.

This is a motion by defendant railroad company. There are three matters for discussion. These will be taken up in turn.

### I.

First, the railroad company moves to vacate plaintiff's notice of taking a deposition before trial. This is on the ground that "there is no proper designation or description of the person sought to be examined." The notice recited that plaintiff would take the deposition of defendant by its officer or managing agent having knowledge of the ownership, operation, control, charter agreements and location of the barge 'No. 8' on February 16, 1944" [the date on which plaintiff claims to have been injured].

Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following

section 723c, provides that such a notice shall state "the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs."

## II.

There are two alternatives as to who possibly is the person the plaintiff wants to examine as a witness. As is manifest from the rule, the witness must be included in the class or group prescribed by the rule. Otherwise, the plaintiff will not have met the rule's demands. He must furnish either (1) "the name and address" of the witness "if known" or (2) "if the name is not known, a general description sufficient to identify him [the witness] or the particular class or group to which he belongs."

Plainly the requirements of the first clause have not been met. This is because the name of the witness has not been stated. In consequence, in order to be entitled to have the person desired attend, the plaintiff must comply with the requirements laid down in the second clause; that is, when as here "the name [of the person] is not known" the sole recourse of the party seeking the prospective witness is to furnish "a general description sufficient to identify him [the witness] or the particular group or class to which he belongs."

Obviously the plaintiff has not identified, or so far as appears even attempted to identify, "the particular class or group to which he [the witness] belongs" nor is the name of the witness known. It follows that the plaintiff has wholly failed unless what he has included in his process constitutes "a general description sufficient to identify him" [the witness]. The words the plaintiff used in his notice attempting to identify the witness are "its [the defendant's] officer or managing agent having knowledge of the ownership, operation, control, charter agreements and location of the barge 'No. 8' on February 16, 1944" [the date of the accident in which the plaintiff claims he was injured].

The plaintiff calls for the appearance of an "officer or managing agent" of the railroad company. It will be assumed that the defendant could select one of its employees who at the time held or previously had held one of those positions. If so, the notice which was served required that the person called for be identified by having within his knowledge five qualifying items of information. The notice stated all of these in the conjunctive. In order to meet them, as described by the plaintiff in his notice, the person desired as a witness must have known five things relating to barge No. 8. These are (1) its ownership, (2) its operation, (3) its control, (4) its charter agreements and (5) its location.

By inspection of the only document we can resort to I am unable to identify the prospective witness. Whether anybody else can identify him, I am unable to say. If no officer or managing agent of the railroad company be identified as capable of answering the five questions I have heretofore recited or no officer or managing agent knows the answers to *all* of them, the responsibility for determining whether the person concerned has all the qualifications mentioned is at least uncertain.

## III.

Six court decisions have been cited. All were rendered in this court except one by Judge Galston in the Eastern District of New York. In substance these rulings were as follows:

In Orange County Theatres v. Levy, D. C., 26 F.Supp. 416, 417, right column paragraph next to bottom of page, the notice named the president of plaintiff and, by description, "such other officer or officers as may have knowledge of the various matters hereinafter referred to." Judge Conger sustained it as to the president but the last portion was held to be "too general a statement to compel the plaintiff to produce anyone for examination."

In Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419, 420, left column paragraphs second and third, Judge Conger again held that a notice in practically the same words as the foregoing was insufficient.

In Freeman v. Hotel Waldorf-Astoria Corporation, D.C., 27 F.Supp. 303, right

column long paragraph, a notice to examine the defendant "by the officers, directors, managing agents or employees having knowledge thereof" was held by Judge Hulbert not to comply with the rule.

In Spaeth v. Warner Bros. Pictures, D. C., 1 F.R.D. 729, 731, right column first full paragraph, Judge Hulbert held that a notice which, as he said, "requires the defendant to determine the persons whom the plaintiff wishes to examine," did not conform to the rule.

In Moore v. George A. Hormel & Co., D.C., 2 F.R.D. 340, 342, right column third paragraph, Judge Rifkind vacated the last portion of a notice which named several witnesses and then stated that "at the times and places aforestated the depositions of other witnesses whose names are unknown to defendants may be taken. * * * a notice to take a deposition must name the persons to be examined or designate them by description sufficient to identify them."

In Boiczuk v. Baltimore & Ohio R. Co., D.C., 5 F.R.D. 18, 19, I denied the examination of certain witnesses because their identification was insufficient.

In Burris v. American Chicle Co., D.C., 1 F.R.D. 9, right column last paragraph, 10 left column part of paragraph, Judge Galston in the Eastern District held a notice to be sufficient which named the "superintendent or caretaker in charge of the premises" of defendant. "If other witnesses are required then their names should be given."

In so far as the defendant seeks an order vacating the plaintiff's notice dated February 18, 1946, on the ground that it does not properly designate or describe the person sought to be examined, the motion is granted; but without prejudice to its being renewed.

## IV.

No objection has been interposed to the taking of the deposition as a witness of the captain of the barge No. 8.

## V.

The barge captain did not keep a log, but the daily report of barge No. 8 has been produced and exhibited to the plaintiff's attorney.

## VI.

Settle order accordingly on two days' notice.