MATTINGLY v. BOSTON WOVEN HOSE & RUBBER CO., Inc. (Dravo Corp., third-party defendant).

United States District Court
S. D. New York.

Jan. 4, 1952.

Gair & Gair, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

Alexander & Ash, New York City, for third-party defendant.

EDWARD WEINFELD, District Judge.

The third-party defendant moves to vacate two notices to take depositions served by defendant. The first notice seeks to examine the third-party defendant by its "President, Vice-President and any other officers, agents or employees (including, but not limited to Glen Leeper and Peter Duscha) having knowledge of the facts." Upon the argument it was conceded that the named individuals need not be produced for examination.

■ Rule 30 of the Federal Rules of Civil Procedure 28 U.S.C.A. provides that the notice shall "state a * * * general description sufficient to identify" the person to be examined "or the particular class or group to which he belongs." Insofar as the notice specifies the "President" and "Vice-President" it is sufficient. But the remaining language—"any other officers, agents or employees having knowledge of the facts"—is an improper designation under Rule 30. Moore v. Lehigh Valley R. Co., D.C., 7 F.R.D. 65; Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419.

Defendant may, through proper questioning of the President and Vice-President, discover the names of persons having knowledge of the facts and may examine such persons subject to the Rules.

In the second notice, defendant seeks to examine the third-party defendant by six named "agents or employees," one of whom is described as "Manager of Shaft Department."

■ There is no evidence to show that the persons named in the second notice are "managing agents." For all that appears, they are merely employees, and, therefore, the third-party defendant may not be examined through them; nor is it under an obligation to produce them for examination. Defendant may take their depositions as witnesses and their presence at the examination may be compelled by the use of subpoenas. Aston v. American Export Lines, Inc., D.C., 11 F.R.D. 442; 4 Moore's Federal Practice, Second Edition, 1051. Of course, should the examination of the officers permitted under the first order indicate that the employees are in fact "managing agents," the plaintiff may then proceed to examine the defendant through them upon compliance with the Rules.

Settle order on notice, to also provide, in accordance with defendant's concession made at the argument, that the depositions shall be taken in Pittsburgh, Pennsylvania.