### John DENOTO, Plaintiff,

### v.

### The PENNSYLVANIA RAILROAD COMPANY, Defendant.

United States District Court,
S. D. New York.

Oct. 14, 1954.

Jacobs, Leibowitz & Kahn, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

DAWSON, District Judge.

Defendant moves to set aside notice of taking a deposition which specifies the persons to be examined as "the defendant by its officers, and more particularly by its employee, James Basham" on the ground that plaintiff has not identified which officer from whom it seeks to take a deposition, and that the named employee is not an officer, director or managing agent within the purview of Rule 26(d)(2), Federal Rules of Civil Procedure, 28 U.S.C.A., by whom the deposition of a corporation may be taken.

■ A notice of the taking of the deposition of a corporation should designate the officer or category of officer whom it is sought to examine; here the notice does not. See Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1941, 1 F.R.D. 729.

■ A party cannot be compelled to produce its employees for examination upon notice to take a deposition.

■ It is not disputed that the employee whose deposition is sought here is not an officer, director or managing agent of the corporate defendant and, therefore, not one through whom the corporation's testimony may be taken.

Plaintiff may proceed to take the deposition of defendant's employee under

**568**

Rule 26 of the Federal Rules of Civil Procedure, and may compel attendance as provided by Rule 45. See 4 Moore's Fed.Prac. 2d Ed. 1051.

Motion granted, notice vacated without prejudice. So ordered.