John WILLIAMS, Plaintiff,

v.

LEHIGH VALLEY RAILROAD COM-
PANY, Defendant.

LEHIGH VALLEY RAILROAD COM-
PANY, Defendant, Third-Party
Plaintiff,

v.

WILLIAM SPENCER & SON CORPORA-
TION, Third-Party Defendant.

United States District Court
S. D. New York.
June 26, 1956.

Satterlee, Browne & Cherbonnier, New York City, for plaintiff.

Pyne, Brush, Smith & Michelsen, New York City, for defendant and third-party plaintiff. Monroe J. Cahn, New York City, of counsel.

John P. Smith, New York City, for third-party defendant.

LEVET, District Judge.

Defendant, Lehigh Valley Railroad Company, has moved to vacate plaintiff's notice to take the deposition of said defendant by

"such employee or employees as has knowledge of the breaking of a 4″

x 4″ dunnage on said gas hoist allowing a pile of steel beams to be let down upon and to crush the left foot of the aforesaid plaintiff, or such employee or employees who made an inspection of such gas hoist and discovered a broken 4″ x 4″ dunnage at the place where the said steel beams had been let down on the foot of the aforesaid plaintiff."

■ This notice is defective for several reasons. It does not comply with Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that where the name of the person to be examined is not known, the party seeking the examination shall give "a general description sufficient to identify him or the particular class or group to which he belongs." The Courts have consistently held that notices couched in words similar to the aforementioned notice were violative of Rule 30(a). Morrison Export Co. v. Goldstone, D.C.S.D.N.Y.1952, 12 F.R.D. 258; Freeman v. Hotel Waldorf-Astoria Corporation, D.C.S.D.N.Y. 1939, 27 F.Supp. 303.

■ In addition, plaintiff's notice to examine the defendant-corporation is defective for the reason that a corporate party cannot be examined through its employees. Denoto v. Pennsylvania Railroad Company, D.C.S.D.N.Y.1954, 16 F.R.D. 567; Mattingly v. Boston Woven Hose & Rubber Co., D.C.S.D.N.Y.1952, 12 F.R.D. 266. The basis for this rule is the fact that there is no adequate sanction under the Federal Rules to compel a party to produce his employees. 4 Moore's Federal Practice, 2d Ed., 1051. Rule 37(d), which specifies the sanctions which may be imposed upon a party who fails to appear for an examination, expressly refers to "a party or an officer or managing agent of a party" and does not refer to his employees.

Accordingly, defendant's motion to vacate plaintiff's notice to examine the defendant, Lehigh Valley Railroad Company, is granted.

So ordered.