**AMATO**

v.

**BARBER STEAMSHIP LINES, INC., and Wilh. Wilhelmson.**

United States District Court
S. D. New York.
Jan. 3, 1962.

Max D. Krongold, New York City, Harvey M. Jasper, New York City, of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, Thomas F. Molanphy, New York City, of counsel, for defendants.

COOPER, District Judge.

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, defendants have moved to vacate plaintiff's notice to take the deposition of defendants by "an agent, employee or servant having knowledge" of an accident alleged to have occurred aboard their vessel.

■ This form of notice to take defendants' deposition is defective on several grounds. First, it fails to comply with Rule 30(a), Fed.R.Civ.P., 28 U.S.

C.A., which provides that where the name of the person to be examined is not known, the notice shall give "a general description sufficient to identify him or the particular class or group to which he belongs." This court has consistently held that notices couched in terms similar to those employed in the instant case are insufficient under Rule 30(a). See, e. g., Williams v. Lehigh Valley R. Co., 19 F.R.D. 285 (S.D.N.Y., 1956); Mattingly v. Boston Woven Hose & Rubber Co., 12 F.R.D. 266 (S.D.N.Y., 1952); Cohen v. Pennsylvania R. Co., 30 F.Supp. 419, 420 (S.D.N.Y., 1939).

Secondly, the notice is defective for the reason that it seeks to examine defendants through "an agent, employee or servant," whereas the law is settled that a corporation may be examined as a party only through its officers, directors or managing agents. Krauss v. Erie R. Co., 16 F.R.D. 126 (S.D.N.Y., 1952); Aston v. American Export Lines, 11 F.R.D. 442 (S.D.N.Y., 1951); 4 Moore's Federal Practice, Second Edition, 1051. Thus, Rule 37(d), which specifies the sanctions that may be imposed upon a party who fails to appear for an examination, expressly refers to "a party or an officer or managing agent of a party" and does not refer to a mere "agent, employee or servant."

■ Federal discovery procedures, of course, afford plaintiff ample means of ascertaining the name of employees having knowledge of the relevant facts and circumstances. He may then examine such parties as witnesses, subject to the Rules. Morrison Export Co., Ltd. v. Goldstone et al. 12 F.R.D. 258 (S.D.N.Y., 1952). However, it is apparent that plaintiff may not examine defendants by means of the present notice.

Accordingly, this motion to vacate plaintiff's notice to take defendants' deposition is granted.

So ordered