**Andra A. CAPACI, Plaintiff,**

v.

**KATZ & BESTHOFF, INC., Defendant.**

**Civ. A. No. 74–2743.**

United States District Court, E. D. Louisiana.

July 31, 1976.

William F. Bologna, New Orleans, La., for plaintiff.

Daniel Lund, New Orleans, La., for defendant.

CASSIBRY, District Judge.

This is an unemployment discrimination suit brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, 42 U.S.C. § 2000e–5(f)(3), and a suit for damages for alleged breach of employment contract under Article 1934 of the Louisiana Civil Code. The case is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by plaintiff, Andra A. Capaci, a former employee of defendant, Katz & Besthoff, Inc., a company which operates a number of retail drug stores in the New Orleans, Louisiana area, on behalf of herself and all other women similarly situated.

In her complaint, plaintiff alleges that "the internal policies, practices and customs of Katz & Besthoff, Inc., are based upon outmoded and unjustifiable sex stereotypes which created distinct employment opportunity disadvantages for females." Plaintiff seeks injunctive and declaratory relief as

well as back pay for herself and the members of the proposed class.

This matter is before the Court on cross motions:

I. Defendant's motion to dismiss:

1. The class action allegations of the complaint;

2. Plaintiff's claim pursuant to the Civil Rights Act of 1870, 42 U.S.C. § 1981;

3. Plaintiff's claim under Louisiana Civil Code Article 1934.

II. Plaintiff's motion to determine the propriety of class action, and to certify the class under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

## FACTS

Andra Capaci was employed by Katz & Besthoff (hereinafter K & B) as a pharmacist from June 1963, until her dismissal in March 1975. Plaintiff Capaci alleges that she was discharged by defendant out of retaliation because she challenged the sexually discriminatory policies of K & B by filing several complaints with the Equal Employment Opportunity Commission. Plaintiff's complaint is a broad attack on the allegedly discriminatory practices of defendant, as well as an outline of specific grievances and discriminatory conduct directed against her personally, allegedly depriving her of intellectual enjoyment of her employment.

## THE 1981 CLAIM

■ The Civil Rights Act of 1870 is inapplicable to sexual discrimination in employment. Section 1981 applies to racial discrimination. *Willingham v. Macon Telegraph Publishing Company,* 482 F.2d 535 (5th Cir. 1973), rev'd on other grounds, 5 Cir., 507 F.2d 1084 (1975); *Held v. Missouri Pacific Railroad Company,* 373 F.Supp. 996 (S.C.Tex.1974). The defendant's motion to dismiss the claim made pursuant to 42 U.S.C. § 1981 is therefore GRANTED.

## THE 1934 CLAIM

■ Article 1934, Louisiana Civil Code, provides in pertinent part:

Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:

\* \* \* \* \* \*

3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. *Where the contract has for its object the gratification of some intellectual enjoyment,* whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor. (Emphasis supplied)

Defendant relies on the case of *Carlson v. Ewing,* 219 La. 961, 54 So.2d 414 (1951), for its contention that Article 1934 is generally inapplicable to the employer-employee relationship. The plaintiff contends that certain employment contracts are specifically within the contemplation of 1934(3). The weakness of plaintiff's position as to her own contract of employment lies in her failure to demonstrate how her contract of employment as a pharmacist for a retail drug chain "has for its object the gratification of some intellectual enjoyment" with

the contemplation of the article from the recited examples therein.

The motion to dismiss the 1934 claim is therefore GRANTED.

## PROPOSED CLASS

Plaintiff Capaci seeks to represent a class of plaintiffs defined as follows:

(1) All females who have been or are presently employed by K & B;

(2) All females who have applied for employment as supervisory personnel and have been categorically rejected;

(3) All females who would have applied for employment but have been "chilled" from doing so by the known discriminatory practices of K & B.

## DEFENDANT'S OPPOSITION*

Defendant denies that it is engaged in any discriminatory activities. Defendant contends that plaintiff's complaints are peculiarly personal and that she should not be allowed to represent a class because of the atypical nature of her grievances. Further K & B argues that plaintiff Capaci will not fairly and adequately protect the interests of the alleged class.

Limited discovery, by way of interrogatories and depositions, has been conducted. Both parties submitted original and supplemental briefs; oral argument has been heard. From this record there are several salient facts relating to the class issue before the Court. First, K & B employs a large female work force; secondly, there are few, if any, females in the managerial or supervisory positions within the defendant organization; thirdly, defendant's statistical information and answers to interrogatories demonstrate that management positions are held by nonpharmacist and pharmacist personnel alike.

## RULE 23–FEDERAL RULES OF CIVIL PROCEDURE

■ In order for an action to be maintained as a class action under Rule 23, F.R.C.P., each of the requirements of Rule 23(a) must be satisfied and additionally one of the three grounds established by Rule 23(b) must be met. Advisory Committee Notes, 30 F.R.D. 69, 104, *Long v. Sapp,* 502 F.2d 34 (5th Cir. 1974).

Before proceeding with an analysis of the propriety of the proposed class under Rule 23, it is useful to discuss briefly the limits of the class inquiry, as well as the peculiar nature of employment discrimination cases.

In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (Eisen IV), the Supreme Court held that Rule 23 motions should not involve an inquiry into the merits of an action. The Court stated:

> We find nothing in . . . Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.
>
> . . .

■ Nonetheless, the merits are not totally irrelevant to class determinations. The issues and proof necessary at trial are important to a determination of whether the claims are individual or applicable to a class.

■ The clear and unequivocal purpose of Title VII was and is to end discrimination in employment. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Vogler v. McCarty, Inc.,* 451 F.2d 1236 (5th Cir. 1971). In *Griggs,* Chief Justice Burger found:

> What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classifications.

It is based upon these principles that the Court makes its analysis and finding.

## RULE 23(a)(1)—NUMEROSITY

■■ The proposed class (1) satisfies the numerosity requirement of Rule 23(a)(1). Defendant's statistics clearly show it em-

ploys a large female work force, the joinder of which would be impractical. The Court finds however that plaintiff has made no showing to satisfy the requirement of Rule 23(a)(1) as to proposed class (2).

## RULE 23(a)(2)—COMMONALITY

In order to satisfy Rule 23(a)(2), the plaintiff must show that "there are questions of law or fact common to the class." The Court of Appeals for the Fifth Circuit has held that the broad public policy embodied by Title VII requires a finding that actions brought thereunder are class actions which by definition involve class wrongs. *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968); *Jenkins United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968); *Johnson v. Georgia Highway Express Inc.,* 417 F.2d 1122 (5th Cir. 1969). In these employment discrimination cases, the Fifth Circuit adopted the "across the board" approach, *i. e.,* the employer's alleged pattern or policy of discrimination is considered sufficiently common to satisfy the commonality requirement. Under this approach the claim of the nominal plaintiff need not be identical to those of the proposed class; it is the underlying policy of discrimination that is viewed as common to all class claims and members.

In *Johnson,* the Court described the question of fact common to all members of the class as "the Damoclean threat" of discriminatory policy hanging over the class. The Court acknowledged that there were different factual questions with regard to different employees but held these could simply be different manifestations of the single discriminatory policy thereby permitting joinder of all claims in a class action. See *Long v. Sapp,* 502 F.2d 34 (5th Cir. 1974); *Jack v. American Linen Supply Co.,* 498 F.2d 122 (5th Cir. 1974); *Rodriguez v. East Texas Motor Freight,* 515 F.2d 40 (5th Cir. 1974); *Carr v. Conoco Plastics, Inc.,* 423 F.2d 57 (5th Cir. 1970).

■ Plaintiff's complaint adequately demonstrates that her attack is, in fact, against the personnel policies, practices and customs of K & B which allegedly create distinct employment inequities for females. The Court recognizes plaintiff's suit as one designed to end the alleged sexually discriminating policies of the defendant and therefore the requirements of Rule 23(a)(2) are satisfied. The fact common to all members of the proposed class is the alleged sex based discrimination.

## RULE 23(a)(3)—TYPICALITY

## RULE 23(a)(4)—ADEQUACY OF REPRESENTATION

■ Rule 23(a)(3) and (a)(4) are closely related and in the context of this case will be discussed together. Rule 23(a)(3) requires a finding that the claims of the class representative are typical of the claims of the proposed class. In *Long v. Sapp,* 502 F.2d 34 (5th Cir. 1974) the Fifth Circuit laid down the requirement that there be a "nexus" between the class representative and the class in order to satisfy Rule 23(a)(3).

To satisfy Rule 23(a)(4), the representative party must fairly and adequately protect the interests of the class. The adequacy requirement involves the qualifications and ability of plaintiff's counsel, and that the plaintiff does not have interests antagonistic to the proposed class.

In the case *sub judice* the plaintiff alleges several discriminatory policies which "pervade all aspects of the employment practices" of the defendant; as a female allegedly aggrieved by these policies she has demonstrated the necessary nexus with the proposed class. *Wells v. Ramsay Scarlett & Co.,* 506 F.2d 436 (5th Cir. 1975). Plaintiff is represented by competent counsel and her interest as a female allegedly victimized by discrimination is sufficient to make her an adequate class representative.

The defendant has concentrated its opposition to the plaintiff's class representation on these adequacy and typicality issues. Defendant urges the atypical nature of plaintiff's claims and the failure of plaintiff to satisfy this requirement of Rule 23. More specifically, the defendant points to

(1) The personal nature of plaintiff's grievances and

(2) The fact that the plaintiff is a professional employee, registered pharmacist, and not sufficiently representative of the female employees at K & B.

 The defendant asks this Court to focus upon plaintiff's charges of untoward sexual advances and thereby find that plaintiff's claims are personal and not shared by other members of the purported class. The Court cannot do this without ignoring the broad class allegations of plaintiff's complaint. Plaintiff's case is not limited to personal sexual harassment grievances. Further, the inclusion of these claims does not defeat class treatment of the matter. *Bowe v. Colgate Palmolive Co.,* 416 F.2d 711 (7th Cir. 1969); *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968).

The charges in plaintiff's complaint are against "policies, practices and customs" of defendant K & B which allegedly violate the Title VII mandate of equal access to employment opportunities for all, regardless of sex. Therefore, those claims of plaintiff Capaci, directed at sexually discriminatory policies that she alleges pervade all aspects of the employment policies of K & B, are by their nature class claims. The plaintiff is a woman and former employee and she is clearly a member of her proposed class. In *Long v. Sapp,* the 5th Circuit stated:

As a person aggrieved, she can represent other victims of the same (discriminatory) policies, whether or not all have experienced discrimination in the same way; *Long v. Sapp,* 502 F.2d 34, 43 (5th Cir. 1974).

 Defendant also contends that plaintiff Capaci is not an adequate or proper representative of female employees at K & B because she is a registered pharmacist, a professional employee, segregated from the large number of other female employees. It is further noted by defendant that plaintiff Capaci's promotion to Chief Pharmacist is unattainable by other less educated female employees and therefore Capaci is not the proper party to represent these females at K & B.

The Court finds no merit in this distinction. Plaintiff's complaint is not limited to promotion to Chief Pharmacist. Among her claims, she attacks what is described in her complaint as the "pattern, practice, and policies" of defendant of not placing any woman in managerial or supervisory positions. Plaintiff further complains of the general mistreatment accorded women in all aspects of the employment relationship. Therefore, the pharmacist distinction is a minor one when the complaint is viewed as a challenge to the alleged underlying policies of sex discrimination. It should also be noted that the promotional progression within the defendant organization allows both pharmacists and non-pharmacists to seek and reach the same management positions, Chief Pharmacist being the only position unavailable to non-pharmacist employees. All other management function positions can be filled by pharmacists and non-pharmacists alike.

Finally, the Court finds that plaintiff's counsel is able and competent to proceed vigorously with this litigation.

## RULE 23(b)(2)

The plaintiff contends that the present case satisfies the requirements of Rule 23(b)(2):

The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The Advisory Note to the Federal Rules states that Rule 23(b)(2) is particularly suited to civil rights suits. See Advisory Committee Notes, 39 F.R.D. 69, 102 (1966).

 It should be noted that the relief available in this type class action includes injunctive relief as well as backpay. *Albermarle Paper Company v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

 In *Albermarle,* a Title VII class action certified pursuant to Rule 23(b)(2), the Supreme Court held that the main goal

of Title VII was to end discrimination and restore losses to persons victimized by past discrimination. The Court further held that, if unlawful discrimination is found, back pay should be deemed "only for reasons which, if applied generally, would not frustrate" the statutory purposes of the Act. The Court also held the fact that there was no bad faith does not justify a denial of back pay to the class. The Court finds this action may be brought pursuant to Rule 23(b)(2).

## CONCLUSION

Therefore, this Court is unable to conclude that plaintiff's claims are purely personal or that her status as a pharmacist prevents her from representing other female employees. More particularly the Court finds plaintiff's claims to be common and typical of the class she seeks to represent as defined by this Court.

The broad remedial policy of Title VII requires this Court to liberally interpret the typicality requirement of Rule 23 in form of class certification.

## CLASS DEFINED

The plaintiff seeks to represent present and former female employees of defendant, as well as females who were refused employment or "chilled" from applying for employment because of discriminatory policies.

It is clear that the plaintiff, a former employee may represent former and present employees. As stated in *Wetzel v. Liberty Mutual Insurance Company*, 3 Cir., 508 F.2d 239, 247 (1975), to hold otherwise would be to encourage employers "to discharge those employees suspected as most likely to institute a Title VII suit, in the expectation that such employees would thereby be reduced incapable of bringing a suit as a class action."

The second group of persons sought to be included in plaintiff's class are females who applied for supervisory positions with the defendant organization but were categorically refused. This group may not be in-

cluded in plaintiff's class because of plaintiff's failure to satisfy the numerosity requirement as discussed *supra*.

The final group of potential class members, *i. e.,* those "chilled" from applying for employment is not appropriate. Such a group is indefinable and unidentifiable.

## ORDER

For the reasons herein, it is ordered that the instant action be certified as a class action. The class shall include all past and present female employees of defendant.