## McNALLY v. SIMONS et al.

District Court, S. D. New York.
March 25, 1940.

Hughes, Richards, Hubbard & Ewing, of New York City (Curtiss E. Frank, James D. McCauley, and James Sims Wilson, Jr., all of New York City, of counsel), for plaintiff.

Latson & Tamblyn, of New York City, for defendant Simons.

Vincent Yardum, of New York City, for defendant Kaye.

E. C. Sherwood, of New York City, for corporate defendants.

HULBERT, District Judge.

This motion is, in effect, an effort to secure a bill of particulars under the guise of interrogatories pursuant to Rule 33, 28 U.S.C.A. following section 723c, three months after plaintiff, a resident of Pontiac, Michigan, had appeared and was examined pursuant to Rule 26, Rules of Federal Civil Procedure, at the office of the attorneys for the moving defendant, as exhaustively as counsel for each of the defendants apparently desired. On the adjournment of the first such hearing, November 8, 1939, which occupied about 2½ hours, Mr. Latson said: "We have to adjourn it in order that we may have the minutes written up, and see whether or not there are any further questions we want to ask."

When the examination was completed on November 10, a total of 688 questions had been asked and the transcript of both hearings contains 105 pages.

Since the taking of plaintiff's deposition was completed, her attorneys have examined under Rule 26, two individual defendants, four employees of the corporation defendants, and one witness not connected with any party. But there is no suggestion by the moving defendant that the further examination of plaintiff is now required by any matter brought out in the testimony of those seven witnesses, or any one of them, of which the defendants did not have knowledge sufficient to have enabled them to further question plaintiff last November and no logical reason has been given on the argument why the information sought by these interrogatories could

not have been secured when she was orally examined.

Rule 33 contains a provision that: "No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party."

 Rule 26 contains no specific restriction but the service of a notice for the taking of a second deposition of the same party or person would be subject to an application for relief under Rule 30(b).

Plaintiff's counsel urges that the right to proceed under Rule 26 or Rule 33, Rules of Federal Civil Procedure, is one of choice and that defendant Simons having elected, is now precluded from proceeding under Rule 33, or in any event could not serve interrogatories without first obtaining leave of court since the taking of a deposition under Rule 26 makes the subsequent service of interrogatories to the same party under Rule 33 analogous to the service of a second set of interrogatories. I consider that point well taken. But for the purpose of expediting the disposition of this action, the pending motion has been regarded as an application for the required leave under Rule 33. Such leave is denied. Settle order on notice.