## HOWARD v. STATES MARINE CORPORATION.

District Court, S. D. New York.

Oct. 17, 1940.

Haight, Griffin, Deming & Gardner, of New York City (Edgar H. Kraetzer, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Walter P. Hickey, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Plaintiff bases his cause of action upon the alleged negligence of the defendant and sues to recover damages for injuries sustained by him while employed as a stevedore on board one of its vessels.

Earlier in this action the plaintiff submitted seventeen interrogatories addressed to the defendant and this court overruled exceptions to all but four.

The defendant through, P. D. Everett, its Vice President, then made answer to the interrogatories in accordance with an order dated March 27, 1940. The defendant now moves, pursuant to Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to vacate a notice of taking the deposition of the defendant through Mr. Everett dated September 12, 1940, upon the ground that the submission of interrogatories under Federal Rule of Civil Procedure 33 precludes an examination before trial under Rule 26.

The defendant cites McNally v. Simons, D.C.S.D.N.Y., 1 F.R.D. 254. In that case the point was made that the submission of the interrogatories *after* oral examination was improper and this point was sustained by me. The theory and purpose of interrogatories as opposed to oral examination is discussed by Judge Chesnut in Coca Cola Co. v. Dixi-Cola Laboratories, Inc., D.C., 30 F.Supp. 275, 278, 279, quoting with approval Professor Sunderland's article on the subject in 42 Yale Law Journal, 875, 876, which opinion is referred to with approval by Judge Barksdale in Byers Theaters, Inc. v. Murphy, D.C.W.D.Va., 1 F.R. D. 286.

Examination by interrogatories is both more cumbersome and less efficient than oral examination before trial, as pointed out in E. I. DuPont De Nemours & Co v. Byrnes, D.C.S.D.N.Y., 1 F.R.D. 34, 37, 38. Where it develops that examination by interrogatories has been inadequate, the court unquestionably has, and in a proper case should exercise, discretion to permit an oral examination. But, it should be made to clearly appear that the relevant subject matter will not involve the interrogation of the witness with respect to those particulars upon which he was examined by interrogatories.

The plaintiff in this case has, meanwhile, brought on a motion for an order permitting him to examine the defendant before trial through its Vice President aforesaid. The affidavit in support thereof states that the only purpose and result of the interrogatories previously propounded, and the answers thereto, was to develop the names of such persons within the organization of the defendant as might have knowledge of the facts, and who might be called either for purpose of examination before trial or for discovery.

Affiant continues, however: "As a result of said interrogatories and answers, it appears that defendant's Vice President, P. D. Everett, was in full charge of the introduction into the hold of the vessel of certain large timbers, one of which subsequently fell and caused the injury to the plaintiff herein. Mr. Everett apparently indicated the way in which these timbers were to be fastened, he was present on the vessel at and before the time when the accident occurred to the plaintiff herein, and is therefore familiar with all of the conditions."

If that is the extent to which it is desired to examine him orally it should be so specifically limited. I shall regard the counter-motion as an application for leave of court for that purpose and grant it to that extent. The motion of the defendant will, therefore, be denied. Settle order on notice unless counsel are able to agree on the form.