## CURRIER et al. v. CURRIER et al.

District Court, S. D. New York.

Feb. 13, 1942.

See, also, D.C., 1 F.R.D. 683.

James E. Freehill, of New York City, for plaintiff.

Benjamin P. DeWitt, of New York City, for defendants Charles G. Currier and Gilman S. Currier.

HULBERT, District Judge.

This matter appeared on the motion calendar as a hearing on objections to interrogatories propounded by the plaintiff to the involuntary plaintiff Dorothy C. Ogden and the defendants Charles G. and Gilman S. Currier.

On January 6, 1942, after issue joined, plaintiff served notice of the taking of the depositions of Dorothy C. Ogden and Charles G. Currier pursuant to Rule 26 et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The examination of the former was had on January 14th, when Mr. Currier's examination was adjourned to and began on Jan. 19th, and was then adjourned without date. The stenographer's transcript of his examination consists of 104 pages, exclusive of exhibits, and contains 64 questions unanswered then because of objections of counsel. Before a motion to compel answers could be brought on, the defendant's counsel submitted answers to a substantial number of questions objected to and plaintiff appears to have abandoned the others.

On January 19, 1942, plaintiff, pursuant to Rule 33 Federal Rules of Civil Procedure, served written interrogatories with notice that the involuntary plaintiff and defendants Charles G. Currier and Gilman S. Currier were required to answer each separately.

There are 44 interrogatories consisting of 100 or more subdivisions.

■ As to the involuntary plaintiff Dorothy C. Ogden, the objections will be sustained upon the ground that her oral examination has been concluded. McNally v. Simons, et al., 1 F.R.D. 254.

It is true that this court held in a later decision, Howard v. States Marine Corp., 1 F.R.D. 499, 500: "Where it develops that examination by interrogatories has been inadequate, the court unquestionably has, and in a proper case should exercise, discretion to permit an oral examination."

But it does not follow that the converse is true.

The present function of interrogatories was pointed out by the court in DuPont DeNemours & Co. v. Byrnes, 1 F.R.D. 34.

Before the adoption of the present Supreme Court rules for district courts there had been liberality in this district in allowing interrogatories under old Equity Rule 58, 28 U.S.C.A. § 723 Appendix.

In Pressed Steel Car v. Union Pac. R. Co., D.C., 241 F. 964–967, the court said: "The plaintiff will have leave to frame and keep reframing interrogatories till it has extracted from the defendant all the information which it possesses. Much the most convenient way would be for the parties to agree upon a master and allow the plaintiff an oral examination. This, however, I cannot compel; but the same result may probably be obtained, though it must be confessed with the maximum of expense in time and labor, by allowing interrogatories to be renewed as often as justice requires."

An oral examination before trial, as now authorized by Rule 26 et seq., Federal Rules,

of Civil Procedure, was then unknown to this Court.

 It does not appear whether further oral examination of Charles G. Currier has been abandoned or the examination is to be kept open pending the propounding of the proposed interrogatories awaiting further developments which cannot be foreseen. The two methods of examination will not be concurrently allowed.

As to Gilman S. Currier, no showing is made that oral interrogatories are preferable to an oral examination because of any existing necessity but the facts rather indicate the contrary.

In C. F. Simonin's Sons, Inc., v. American Can. Co., D.C., 30 F.Supp. 901, 902, the court asked "how is the judge to know whether or not the plaintiff's case entitles him to the use of the discovery machinery" and then suggested, as seems to me to be quite the practical procedure, if the facts are not already sufficiently disclosed, that a pre-trial hearing could be had to help the court exercise its discretion intelligently.

This is a family feud. The plaintiff sues her father, mother and brother, and joins a sister as an involuntary plaintiff.

The gravamen of the action is that a "family trust" was created and administered first by the father, who is now about 86 years of age, as agent, and thereafter by his son Gilman, in a similar capacity.

It is claimed by the plaintiff that her brother by letter dated November 31, 1931, transmitted to Bear, Stearns & Co., stockbrokers, 1 Wall St., New York, N. Y. certificates for 300 shares of International Cigar Mach. Co., common, and 550 shares of Ludlum Steel Co., common, duly endorsed for "credit against sale to the account of Charles G. Currier, Agent"; that her mother transmitted certificates, respectively, for 400 and 200 shares of the same stocks; that her sister transmitted certificates, respectively, for 100 and 500 shares of the same stock, and the plaintiff transmitted certificates, respectively, for 200 and 250 shares of the same stocks on the same date upon similar conditions.

On February 4, 1932, Mrs. Currier transmitted certificate for 492 shares of The Union Trust Company (Cleveland) and on November 23, 1932, the plaintiff transmitted certificate for 50 shares of Seaboard Oil Company of Delaware, upon similar conditions.

Plaintiff further claims that a corpus of securities was thus created and has been built up to a sum exceeding $1,000,000 and that she is entitled to 30% thereof based upon an oral agreement made in 1933, subsequently modified, and confirmed by a writing pleaded by certain of the defendants who deny, however, that plaintiff made any contribution, or had any interest in deposits in certain joint bank accounts which were opened in the name of the plaintiff and other members of the family, and they specifically deny the agreement alleged in the complaint.

By an order made May 12, 1941, pursuant to Rule 34, Federal Rules of Civil Procedure, the father and son were required to produce certain data received from Bear, Stearns & Co., and other brokers, together with records kept by them of their transactions "as agents" and copies of their income tax returns and other documents with respect to which the examinations of said defendants are now sought.

"The practical interpretation of an agreement by a party to it is always a consideration of great weight. * * * There is no surer way to find out what parties meant, than to see what they have done." Brooklyn Life Ins. Co. v. Dutcher, 95 U.S. 269, 273, 24 L.Ed. 410.

Plaintiff contends that the examination of Mr. Currier, Senior, has not been fruitful. Some of his answers indicate that this may be due to his advanced age or to a spirit of frivolity, and the court is of the opinion, after an examination of the record, that the oral examination of Mr. Currier, Senior, should be resumed and continued in one of the courtrooms, under the court's supervision.

 The objections of Mr. Currier, Senior, will be sustained, without prejudice, and the determination whether the court will exercise its discretion to direct the examination of Mr. Currier, Junior, orally instead of upon interrogatories, will be deferred until the examination of his father is concluded. Settle order on two days' notice.