## STEVENS v. MINDER CONST. CORPORATION.

District Court, S. D. New York.
Feb. 23, 1943.

John R. Bartels, of New York City, for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (R. Lewis Townsend, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CAFFEY, District Judge.

Defendant has served notice that it ꞏl take the oral deposition of the plain- in New York City on a date designated.

Motion is made for an order either (1) vacating the notice on the ground that the plaintiff has already been examined on written interrogatories or (2), in the alternative, modifying the notice to require the oral deposition to be taken in Panama City, Florida, where the plaintiff now resides, on the condition that, preceding examination, the defendant pay the expenses and counsel fee for the attendance of plaintiff's attorney at the examination.

In an affidavit in behalf of the plaintiff it is stated (1) that he is now a resident of Panama City, Florida, where he is living and working and (2) that if he should absent himself from there for a period, it is uncertain whether he could still retain his present job. In an affidavit in behalf of the defendant there is no denial of any of those statements.

### I.

The defendant annexed to its answer 10 brief questions, labeled near the top of the first page "Demand for Bill of Particulars." All were answered by the plaintiff. However, as is manifest from examination, the responses, in essence, were no more than a bill of particulars.

In Orange County Theatres v. Levy, 26 F.Supp. 416, 417, in this court it was said, in substance, that possession, in the form of a bill of particulars, of the information sought by questions accompanying the answer is no reason for not procuring it through a deposition.

Moreover, even if the questions attached to the answer were deemed to have been "written interrogatories," within the meaning of rule 26(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that would not preclude the defendant, under the same rule, from taking the deposition of the plaintiff "upon oral examination." It has been so ruled by this court. Howard v. States Marine Corporation, D.C., 1 F.R.D. 499, 500. Cf. Currier v. Currier, D.C., 3 F.R.D. 21.

In consequence, the first objection interposed to the notice cannot be sustained.

### II.

Rule 30(b) deals with a notice "for taking a deposition by oral examination." Included is a provision that, for good cause shown, the court may make an order either (1) "that the deposition shall not be taken" or (2) "that it may be taken only at some designated place other than that stated in the notice" or (3) "that it

may be taken only on written interrogatories."

Local civil rule 12 deals with the terms on which a deposition on oral examination may be taken at a place which is, as is Panama City, Florida, more than 150 miles from the court house of this court. It authorizes as a condition that in advance the applicant shall pay "the expense of the attendance of one attorney for the adversary party" and "a reasonable counsel fee."

 Where a notice such as that given in the case at bar has been served, by virtue of the two rules last mentioned—as seems plainly to follow from their wording—it has been ruled that it is permissible for the court to alter the location where the deposition shall be taken, to prescribe the form of the questions (whether oral or by written interrogatories) and to direct prepayment of the incidental expenses referred to in rule 12. This court has so held. Krier v. Muschel, D.C., 29 F.Supp. 482; Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419, 420, and Moore v. George A. Hormel & Co., D.C., 2 F.R.D. 340. To the same effect is Clair v. Philadelphia Storage Battery Co., D.C.E.D.Pa., 27 F.Supp. 777, 778.

The plaintiff argues that one decision of this court (Havell v. Time, Inc., D.C., 1 F.D.R. 439) is to the contrary. On analysis, however, I think that, so far from being at variance with the decisions of this court relied on above, it tends to support the conclusion I have reached.

In Havell v. Time, Inc., plaintiff resided at New Canaan, Connecticut. Notice was served to take his deposition in New York City. He moved to vacate the notice on the ground that his residence was outside the Southern District of New York (where the action was pending). The objection was overruled and the court house of this court was fixed as the place for taking the deposition. As I view it, the action of the court was but an illustrative exercise of its power to control the proceeding pursuant to rule 30 (b).

It should be borne in mind that what the court should do in particular cases under the rule depends on the facts. The rule does not prescribe any single inflexible formula which governs every case.

The affidavit furnished by the plaintiff is meager in its statements, but it is undisputed and is not supplemented. On the basis of it, disposition of the motion will be on the following conditions: (1) If the defendant so elect, the deposition will be taken orally in New York if, in advance, the defendant pay the plaintiff a sum sufficient to meet the expense of the travel of the plaintiff both ways between Panama City and New York City, plus his hotel bill while in New York. (2) If the defendant prefer, the deposition will be taken orally in Panama City upon payment in advance being made by the defendant to the plaintiff of a reasonable fee of his counsel for attending the examination, plus a sum sufficient to meet the expense of his counsel's travel from New York City to Panama City and back to New York and of the counsel's hotel bill while in Panama City. (3) If the defendant do not accept either of the alternatives mentioned, the deposition must be taken on written interrogatories. (4) If, in conformity with condition (1) or condition (2), the defendant make either of the disbursements there specified and prevail at the trial, the amount so expended may be taxed as part of the costs in this case.

Settle order accordingly on two days' notice.