**ALFRED BELL & CO., LIMITED, v. CA-TALDA FINE ARTS, Inc., et al.**

District Court, S. D. New York.
Feb. 14, 1946.

Guggenheimer & Untermyer, of New York City (William J. Cohen, of New York City, of counsel), for plaintiff.

Ehrich, Royall, Wheeler & Holland, of New York City (James G. Holland, of New York City, of counsel), for defendant United States Printing & Lithograph Co.

Purdy & Lamb, of New York City, for defendants Catalda Fine Arts, Inc. and Michael F. Catalda.

KNOX, District Judge.

Plaintiff, an art publisher in London, obtained, over the years extending from 1925 to 1940, English and United States copyrights on mezzo-tint prints of each of eight famous oil paintings. The prints were

made from engraved metal plates which were copied from works of art such as "The Blue Boy", by Gainsborough.

The complaint now before the court alleges that defendants infringed these copyrights by reproducing the subject matter of the several mezzo-tints by a lithographic process.

United States Printing and Lithograph Company, one of the defendants, by notice of motion dated September 12, 1945, asked for an order pursuant to the Federal Rules of Civil Procedure, directing plaintiff to produce certain records, and for an oral examination of its officers, and other persons, all of whom reside in England. In such motion, the other defendants subsequently joined.

The relief so requested is opposed by plaintiff, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Specifically, plaintiff contends that the desired depositions are needless inasmuch as defendants have heretofore examined all necessary exhibits, have taken a lengthy oral deposition of plaintiff's United States representative, and have received adequate answers to written interrogatories previously propounded to the governing director of plaintiff company, a man named Bell.

By way of reply, defendants assert themselves to be in need of additional information in order to enable them properly to defend the action. They also say that Bell's answers to the interrogatories indicate his unwillingness to furnish the information sought, and show a desire on his part to deprive them of rights and privileges to which they are entitled. Plaintiff, on its part, denies any such intention and says that this motion is dilatory in nature, and nothing more than an attempt to delay the trial.

■ In my opinion, Bell should be exonerated of the charge made against him. Nevertheless, the defendants are privileged, under the Federal Rules of Civil Procedure, to inquire further into all facts which have relevancy to the validity of plaintiff's copyrights, as well as the circumstances under which they were obtained. The fact that plaintiff has offered defendants certain stipulations, which, in its judgment, will obviate the necessity of further depositions, should not foreclose the right of defendants to prepare their defense in accordance with provisions of the Rules of Civil Procedure.

Rule 26(a) states that "the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes", and subdivision (b) declares that, "unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

And, as stated by Mr. Moore in his work on Federal Practice, Volume 2, page 2567, "Depositions upon oral examination is a much more effective method of obtaining discovery and perpetuating testimony than by written interrogatories. It has all the advantages which confrontory interrogation has over epistolary interrogation * * *". On page 2568, the author says: "It was found that mutual liberal discovery was the most effective means of arriving at the truth and the real issues in a case and in enabling the parties adequately to prepare for trial."

This procedure, if here followed, will be helpful to the court in reaching a just decision on the matter in controversy. The merits of the suit will have to do with highly technical processes with which few judges are familiar. It would appear, therefore, that the testimony of the artists and engravers who participated in making the plates in question will be highly pertinent in resolving the existing controversy.

The matter of the cost of taking the depositions requested is of relative unimportance. Defendants, of course, by making

329

this motion, evidence their willingness to pay their full share of the expenses and these, apparently, will greatly exceed those of plaintiff. Being located in London, where the examination will be held, its outlay will relatively be nominal. That the trial of the suit will be somewhat delayed by allowing the examination is apparent. But, even so, the litigants are well known and established business houses, and none of them will be seriously prejudiced by a reasonable postponement of the day of trial.

To the extent indicated below, defendants' motion will be granted:

█ Item 1—Alfred Bell, plaintiff's governing director, may be orally examined with respect to all relevant matters in controversy, excepting those with respect to which he has heretofore given responsive and categorical testimony. Howard v. State Marine Corporation, D.C., 1 F.R.D. 499.

█ Defendants' request to interrogate "any person who has been an employee since January 1, 1925" will be denied without prejudice. Rule 30(a) provides that "The notice shall state * * * the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs." Defendants' request does not satisfy this provision. Judge Conger of this court, in Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419, 420, held defective a notice which provided for the taking of a deposition of the defendant by "such other Officer or Officers as may have knowledge of the facts."

In Fruit Growers Co-op. v. California Pie & Baking Co., Inc., D.C., 3 F.R.D. 206, 208, the third party defendants served notice to take oral depositions of the plaintiff and the employees of plaintiff having knowledge of certain specifically enumerated facts. The court stated: "The plaintiff is not bound to produce all of its employees, other than those whom I have held would be managing agents, who had knowledge * * * as they would be witnesses,

and while under Rule 26, the attendance of witnesses may be compelled, it must be by subpoena, as provided by Rule 45."

In Czuprynski v. Shenango Furnace Co., D.C., 2 F.R.D. 412, the court held that "the defendant can not be required to produce its employee as a witness."

Item 2 is granted.

█ Item 3: Defendants may orally examine H. D. Cox and Thomas Ross, and such persons connected with their respective firms whom they may say are familiar with the printing process that was used in making plaintiff's prints.

█ Item 4: The photographer or photographers whom plaintiff's managing director shall identify as having taken pictures of the paintings of which reproductions were made, may be examined. If the managing director is personally unable to make such identification, defendants may examine such persons as may be shown by plaintiff's books and papers to have made the photographs.

Items 5 and 6 are denied. The information here sought, according to the papers before the court, is solely within the knowledge of the engravers and printers who may be interrogated under Items 2 and 3.

Item 7 is granted, with the limitation that but one officer of this Guild, who is familiar with its rules and regulations, and who is cognizant of, or can produce the records, if existent, of the business transactions between the plaintiff and the Guild, may be examined.

Items 8, 9 and 10 are denied without prejudice. The description of persons sought to be examined is insufficient.

█ Plaintiff's request that defendants be required to pay all expenses necessarily entailed in connection with the taking of such examinations and reasonable counsel fees for plaintiff's attorneys, is refused. See Gitto v. Italia, D.C., 28 F.Supp. 309.

Trial of this case will be stayed until thirty days after the return and filing of the depositions to be taken hereunder.

Settle order.