ISBRANDSTEN et al. v. MOLLER et al.

District Court, S. D. New York.
April 18, 1947.

Lord, Day & Lord, of New York City (Woodson D. Scott, of New York City, of counsel), for plaintiffs.

Stanley W. Schaefer, of New York City, for defendants.

GODDARD, District Judge.

There are two motions; one by plaintiffs and one by defendants.

The plaintiffs' motion was brought on by an order to show cause and asks that the defendants be required to elect whether they will seek discovery by oral examination under Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or by the propounding of interrogatories under Rule 33, F.R.C.P., and that the defendants be stayed from pursuing both methods concurrently.

The suit is against two corporations and certain individuals as such, and as a partnership. The complaint alleges that the corporations are controlled by the individuals. The same attorney represents all defendants. Three answers were interposed; one for each corporate defendant and one for the individuals and partnership. Each of the three answers denies liability and demands a dismissal of the complaint. The answers of the two corporate defendants contain counterclaims. No reply has as yet been made to the counterclaims.

At the time the answers were served defendants' attorney served a notice for examination of the plaintiffs before trial. This notice purports to be upon behalf of the individual defendants and partnership only. The next day the defendants' attorney served interrogatories upon the plaintiffs' attorney which purport to be upon behalf of the corporate defendants.

■ For all intents and purposes whatever information is sought and obtained for one defendant will be available to all since all defendants are represented by the same attorney. The remedies provided by Rule 26 and Rule 33 are alternative remedies and cannot be availed of concurrently against the same party or parties. McNally v. Simons, D. C., 1 F.R.D. 254; Currier v. Currier, D. C., 3 F.R.D. 21.

The defendants have stated that if they are required to elect they will proceed by way of oral deposition.

The plaintiffs' motion is accordingly granted and the defendants may proceed by oral examination pursuant to Rule 26.

The time and place of the taking of the plaintiffs' depositions will be disposed of in the disposition of the defendants' motion.

The defendants' motion seeks—

1. To stay the plaintiffs from taking the individual defendant's deposition until after the defendants have taken the plaintiffs;

2. To quash or limit the plaintiffs' examination of the defendant corporations;

3. That the defendant Arnold P. Moller's deposition be taken in Denmark or by means of interrogatories.

At about 4:30 p.m. on March 21, 1947 the defendants served their answers and at the same time the individual defendants served a notice to take the depositions of the plaintiffs. These were to be taken on March 27, 1947. On the same day, namely, March 21, 1947, the plaintiffs' attorney served, subsequent to the receipt of the defendants' notice, two notices to take the depositions of the defendants. One notice was to take the deposition of the two corporate defendants and the individual defendant, Arnold P. Moller, on April 8, 1947. The other was to take the depositions of the corporate defendants and the individual defendant Maersk McKinney Moller, a member of the firm of A. P. Moller, on March 26, 1947.

■ The prevailing rule of this court is that in the absence of some special and good reason, examinations should proceed in the order in which they are demanded. Mutual Finance Corporation v. Sobol, D.C., 7 F.R.D. 111, and cases therein cited. The papers fail to show any special reason why this court should depart from the usual practice. The defendants are entitled to examine first.

■ The defendants also ask that since the corporate defendants' answers contain counterclaims, the notice to take their dep-

190

ositions be quashed or limited to matters other than matters contained in the counter-claim.

The examination of the corporate defendants will be limited to matter other than that contained in the counterclaim unless prior to taking of such depositions a reply has been served.

■ Three of the four defendants are in Copenhagen, Denmark. The plaintiffs' notice provided for the taking of the depositions here in New York.

The individual defendant, Arnold P. Moller, is the Chairman of the Board of Denmark's largest commercial bank and is an elderly man. To require him to come to New York now would no doubt seriously interrupt the bank's affairs in this critical period, besides taxing his physical strength.

I think the plaintiffs' purpose probably would be adequately served at this time by means of interrogatories—both as to Arnold P. Moller, as well as to the corporate defendants, whose principal places of business have been and still are in Copenhagen, Denmark. If, on the return of the interrogatories and answers, they are shown to be insufficient application may then be made for taking their testimony by oral deposition. See Howard v. States Marine Corporation, D.C., 1 F.R.D. 499; Stevens v. Minder Const. Corporation, D.C., 3 F.R.D. 498; Alfred Bell & Co. v. Catalda Fine Arts, D.C., 5 F.R.D. 327.

The several motions are disposed of as follows:

1. The plaintiffs' motion is granted in that the defendants are to proceed by way of oral depositions only.

2. The defendants' motion to stay the examination of the defendant Maersk McKinney Moller by the plaintiffs is granted. The plaintiffs' examination is to commence as soon as the defendants finish their examination which is to proceed without delay.

3. The plaintiffs' examination of the two corporate defendants and Arnold P. Moller is to proceed by interrogatories as soon as plaintiffs' attorney is prepared so that no time will be lost.

4. The corporate defendants' examinations are to be limited to matters other than those raised in the counterclaim unless a reply is served prior to the service of the interrogatories. If such a reply is served prior to the service of the interrogatories the examination may cover any issues raised by the pleadings.

Settle order on notice.