## KEMPT v. ISTHMIAN S. S. LINES.

United States District Court
S. D. New York.
April 17, 1950.

Frederick R. Graves, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff, a seaman suing for negligence and maintenance and cure, excepts to defendant's interrogatories "on the ground that the defendant has already had an oral examination of the plaintiff before trial, and on the further ground that the defendant has had a doctor examine the plaintiff. Plaintiff excepts on the further ground that said interrogatories are unduly burdensome". There is no dispute that the defendant's interrogatories were served upon the plaintiff more than six months after the defendant pursuant to notice had orally examined the plaintiff.

The defendant argues that Rule 33, Fed. Rules Civ. Proc. 28 U.S.C.A., in providing "interrogatories may be served after a deposition has been taken, * * *" disposes of the plaintiff's contention that the prior deposition and physical examination bar the defendant's right to propound interrogatories thereafter. Until March 19, 1948, Admiralty Rule 31, 28 U.S.C.A., was identical in language with Fed. Rules Civ. Proc. rule 33. The weight of authority favored uniform construction of both rules. Moore's Federal Practice, Volume 2, 1948 Supplement, § 33.02, page 118 and cases there cited.

McNally v. Simons et al., D.C.S.D.N.Y. 1940, 1 F.R.D. 254, held that a party who had taken the deposition of his adversary might not thereafter serve interrogatories upon him except by leave of court. Of similar import are Howard v. States Marine Corp., D.C.S.D.N.Y. 1940, 1 F.R.D. 499; Currier et al. v. Currier et al., D.C.S.D.N.Y. 1942, 3 F.R.D. 21. This inflexible construction gave rise to the amendment to Fed. Rules Civ. Proc. rule 33, upon which the defendant now relies.

No change in language was engrafted upon Admiralty Rule 31 comparable to that amending Fed.Rules Civ.Proc. rule 33, effective March 19, 1948. Thus, Admiralty Rule 31 must be tested by the decisions applicable to its counterpart, Fed. Rules Civ. Proc. rule 33, before the amendment of the latter. As has been indicated, the pertinent cases declare the impropriety of written interrogatories without leave of court subsequent to an oral examination.

The foregoing is not affected by the fact that the plaintiff has treated this litigation as one at law by designating himself as "plaintiff" rather than libelant and the defendant as "defendant" rather than respondent, nor does the fact that the clerk assigned a "Civil" rather than "Admiralty" index number to the action. The complaint sets up two causes of action; the first, under the Jones Act, 46 U.S.C.A. § 688, in negligence and the second, in admiralty for maintenance and cure. Even if the sec-

ond cause of action were absent, it appears that admiralty procedure would be, nevertheless, applicable.

"There is no dearth of example of the obligation on law courts which attempt to enforce substantive rights arising from admiralty law to do so in a manner conforming to admiralty practice." Garrett v. Moore-McCormack Co., 317 U.S. 239, at page 243, 63 S.Ct. 246, at page 250, 87 L.Ed. 239.

Accordingly, the exceptions are sustained, but without prejudice to a proper application by the defendant for leave to propound interrogatories to the plaintiff.

Settle order.