## ALEXANDER v. OBERNDORF et al.

United States District Court
S. D. New York.
Aug. 18, 1952.

Richard J. Mackey, New York City, for plaintiff.

Satterlee, Warfield & Stephens, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff, a psychiatrist residing in California, moves for an order "forbidding"

the taking of her deposition in New York on the ground that her testimony has already been given in answers to interrogatories propounded by defendants, or in the alternative for an order requiring that such examination be had in Los Angeles, California at the expense of the defendants.

Although plaintiff has already been examined to some extent through interrogatories, the defendant is not thereby precluded from seeking her examination by deposition.[1] From the nature of plaintiff's answers to the interrogatories, it appears that this is a proper case to permit further examination by oral deposition.[2]

The court recognizes that the peculiarly personal relationship between a psychiatrist and patient is such that compelling a psychiatrist to abandon her practice and travel a great distance for a number of days (twelve, according to plaintiff's attorney in this case) might constitute the annoyance, embarrassment or oppression contemplated by F.R.Civ.P. 30(b), 28 U.S.C.A. However the necessity for an oral deposition herein was wrought by plaintiff's insufficient answers to interrogatories.

Balancing the hardship that plaintiff might suffer, by being compelled to come to New York for the examination, with the defendant's right to further examine plaintiff, the case of Worth v. Trans World Films, D.C., 11 F.R.D. 197, 198 seems apposite. There it was said:

"It seems to the Court that the plaintiff if he decides not to come to New York City for examination should pay the expenses and counsel fee of the defendant."

Accordingly, plaintiff's motion is denied.

Settle order on notice providing that plaintiff be examined in New York with an alternative provision that if plaintiff elects not to come to this District for the examination, it shall be conducted in Los Angeles, California, upon condition that expenses and reasonable counsel fee shall be paid by plaintiff to defendant's attorneys in an amount to be fixed by the court.

1. F.R.Civ.P. 33, 28 U.S.C.A.

2. Moore's Federal Practice, 2d Ed., par. 33.09, p. 2286.