William L. **BULLARD** and Neta P. Bullard, copartners doing business under the name of **Klamath Pine-Trim Company, Plaintiffs,**

v.

**UNIVERSAL MILLWORK CORPORATION, Defendant.**

Civ. No. 20086.

United States District Court
E. D. New York.

Oct. 10, 1960.

See also 25 F.R.D. 342.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiffs.

Lawrence I. Gerber, New York City, for defendant.

RAYFIEL, District Judge.

The plaintiff herein moves, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order directing the defendant, by its president, to appear for the taking of his deposition upon oral examination, and for an order, pursuant to Rule 37(d) striking defendant's answer if he should fail to appear.

This action was commenced by the filing of the complaint in the Office of the Clerk of this Court on September 2, 1959. It was served on the defendant on October 5, 1959. On September 23, 1959 the plaintiff served on the defendant, by mail, a notice to take the deposition of its president on October 26, 1959. This examination was, according to the plaintiff's counsel, adjourned without date, and, according to the defendant's counsel, abandoned.

In the meantime the plaintiff served extensive interrogatories on the defendant to which it took exceptions, which were passed upon by my colleague, Judge Bartels. It proceeded also with an application for discovery and inspection of various documents, and served a request for admissions.

The defendant has made a cross-motion to vacate the notice of the taking of the deposition of its president on the grounds, (1) that the original notice was served within twenty days after the commencement of the action without the leave of the Court, as provided in Rule 26(a), supra, and (2) that the plaintiff has abandoned the notice by its laches. The defendant also contends that the deposition is unnecessary because it will be repetitive of the interrogatories, discovery and inspection, and admissions previously obtained by the plaintiff.

The papers submitted are replete with criminations and recriminations,

charges and countercharges of bad faith and harassment, wholly impertinent to the issues herein. The defendant cites several cases in support of its position that an oral examination would be repetitive of the discovery proceedings already taken by the plaintiff, such as interrogatories, etc., and, therefore, should be denied. None of the cases cited is authority for its position. As a matter of fact, the case of Alfred Bell & Co. v. Catalda Fine Arts, 5 F.R.D. 327, one of those cited, supports a contrary view, as is evident from the following quotation therefrom, at page 328, "in my opinion, Bell should be exonerated of the charge made against him. (That his answers to the interrogatories indicate his unwillingness to furnish the information sought). *Nevertheless, the defendants are privileged, under the Federal Rules of Civil Procedure to inquire further into all facts which have relevancy to the validity of plaintiff's copyrights, as well as the circumstances under which they were obtained. The fact that plaintiff has offered defendants certain stipulations, which in its judgment, will obviate the necessity of further depositions, should not foreclose the right of the defendants to prepare their defense in accordance with provisions of the Rules of Civil Procedure.*" (Matter in parenthesis and emphasis added). The Court in that case permitted the taking of the oral depositions despite the fact that interrogatories had been propounded and answered. There is no merit to the defendant's contention that the plaintiff is not entitled to take the deposition of the defendant's president merely because it has already used other means available under the Rules to obtain information.

 The defendant's contention that the original notice was improper since it was served within 20 days after the commencement of action is also without merit. Rule 3 provides that "A civil action is commenced by filing a complaint with the court." Here, plaintiff's complaint was filed on September 2, 1959 and the notice was sent to the defendant on September 23, 1959, *more* than twenty days after the commencement of the action. However, almost a year has now elapsed since the original return date of the notice of the taking of the deposition and there was no stipulation or other agreement adjourning or postponing the same. Hence, there is no just basis for an order striking the defendant's answer.

The plaintiff's motion is granted to the extent that it seeks to require the defendant, by its president, to appear for the taking of his deposition by oral examination, the date, time and place therefor to be agreed upon and provided for in the order to be submitted herein. In the event that the parties should be unable to agree the Court will fix the same. The defendant's cross motion is denied.

Settle order on notice.