**H. W. FARRELL, Libelant,**

v.

**P. D. MARCHESSINI & CO. (NEW YORK), Inc., Respondent.**

United States District Court
S. D. New York.

April 7, 1964.

Francis J. Haley, New York City, for libelant.

Healy, Baillie & Burke, New York City, for respondent; Walter G. McNeil, New York City, of counsel.

WYATT, District Judge.

This is an application by respondent for an order striking the libel for failure of libelant to obey a direction of the Court to appear to complete a deposition. The suit is in admiralty for cargo damage.

This and a companion motion by libelant for an order terminating the deposition arise out of a procedural imbroglio to which possibly the Court unwittingly contributed and which seems to be encouraged by feelings of irritation or frustration or both on the part of the proctor for libelant.

On March 18, the proctor for respondent was taking the deposition of libelant on oral questions.

The stenographic transcript of the deposition has not been furnished but according to respondent's proctor there was a refusal by libelant to answer questions about the terms and conditions of a promised letter of indemnity. The proctor for respondent, rather than complete the examination on other matters, elected to apply for an order compelling an answer and to adjourn the examination meanwhile. This procedure is specifically authorized by Supreme Court Admiralty Rule ("SCAR") 32C(a).

Respondent could then have made a motion under SCAR 32C(a) on written papers on a motion day. General Rules 9(c) (1) and 9(o) (1) of this Court.

However, from time to time the ex parte judge in this Court entertains oral applications for orders to compel answers and does this on short notice where possible and with the assistance of counsel and of the reporter taking the minutes of the deposition. The proctor for respondent elected to ask for this privilege by telephone to my chambers and on March 18 I directed my secretary or law clerk to tell the proctor for respondent that I would hear the matter in Room 506 at 15:30 on March 19, that notice thereof should be given forthwith to the proctor for libelant, and that an affidavit of the giving of such notice should be submitted at the hearing.

It appears that on March 18 and after the deposition had been adjourned, the proctor for libelant received written interrogatories served by respondent. SCAR 31. Some of these related to the terms and conditions of the alleged letter of indemnity. The proctor for libelant had not known of these interrogatories at the time of the refusal to answer questions at the deposition; the affidavit submitted by him states with reference to the interrogatories that "it was not until the libelant and his attorney returned to his offices after the abrupt termination of the taking of libelant's deposition did they learn of and found the same". Thus the service of the interrogatories was not the justification for any refusal to answer questions.

Libelant answered the written interrogatories immediately on their receipt and on the same day of receipt (March 18) sent a copy of the answers by mail to the proctor for respondent, according to the affidavit of service on file.

Based on the chronology as to the interrogatories and the answers thereto by libelant, it is difficult to accept the following statement in an affidavit of the proctor for libelant:

"* * * in spite of the fact that respondent's attorney had the full and complete answers to the interrogatories before him, (*as of the 18th of March*) he nonetheless, arbitrarily and capriciously terminated the taking of libelant's deposition and demanded that libelant's attorney attend with him before this Court."

Perhaps the use of the ambiguous words "as of" prevents this statement from being positively untrue but the passage seems to me capable of misleading because it at least suggests that the deposition was adjourned by proctor for respondent on March 18 at a time when he had "before him" the answers of libelant to the written interrogatories. If I follow the chronology correctly the answers could not have been "before him" earlier than March 19 and thus could not possibly have been known to him when the deposition was adjourned on March 18.

The matter was called by the Clerk in open Court on March 19 at the time and place indicated. The proctor for respondent was present and also the reporter. An affidavit of the proctor for respondent was submitted and made a part of the file and reads in part as follows:

"On March 18, 1964 at approximately 3:45 P.M., deponent notified the proctor for Libelant that he would request the Court to rule on these objections at Judge Wyatt's.

Chambers, Room 506, United States District Courthouse, Foley Square, at 3:30 P.M. on March 19, 1964. Deponent was notified that neither the proctor for the Libelant nor the Libelant would appear at that time."

There was no appearance for libelant.

Based on the affidavit of notice (now on file), I proceeded to hear the matter. In view of the present experience in this suit, I begin to doubt whether it saves time in the long run to entertain an oral application (that is, without written motion papers and without being on a motion calendar) unless all parties are represented before the Court, whatever may be their reasons for being absent.

In any event, after considering the matter, I ruled that the terms and conditions of the letter of indemnity were proper subjects of inquiry and I directed on the record being made by the reporter that the deposition of libelant be resumed at the Courthouse on March 25, at 10:30.

A copy of a letter dated March 19 to proctor for libelant is in the record. This letter gives notice of the Court's order that the deposition be resumed on March 25.

█ Evidently the proctor for libelant mistakenly believed that answering the written interrogatories excused libelant from oral deposition. On March 24, libelant served notice of motion to terminate his deposition. The motion is without merit and is being denied.

█ Supreme Court Admiralty Rules 31, 32 and 32C are to be construed in harmony with Federal Rules of Civil Procedure respecting the same subject matter. Cleary Bros. v. Christie Scow Corp., 176 F.2d 370, 372 (2d Cir. 1949). Professor Moore says flatly that the use of interrogatories and depositions is "cumulative and not exclusive" and collects the authorities so holding. 4 Moore's Federal Practice (2d ed.) 2285 and following. Cf. Kempt v. Isthmian S. S. Lines, 10 F.R.D. 399 (S.D.N.Y. 1950).

The proctor for libelant admits knowledge "on the morning of March 23" of the Court's order to resume the deposition on March 25; it is said that this was his "first actual knowledge" of the "ex parte hearing" on March 19. It is hard to believe that it took from Thursday, March 19, until Monday, March 23, for the letter of March 19 to reach the office of proctor for libelant, but a weekend intervened and it is certainly possible.

In any event, with full knowledge of an order to resume the deposition on March 25, no stay having been asked for or obtained, proctor for libelant and libelant ignored the order and did not appear at the time and place as directed.

The record discloses no excuse for this conduct. I note the denial by proctor for libelant that he was ever notified of the hearing on March 19 of the application for an order to compel answers. The proctor for respondent, in the affidavit on file, swears that he did give such notice; such was my direction and without an affidavit of notice the hearing would not have been held.

In view of the conflict of affidavits here, decision on this motion cannot be based on whether notice was or was not given.

There was admitted knowledge, however, of the order directing that the deposition be resumed and this order was deliberately ignored and disobeyed.

Despite this inexcusable conduct, it may be better not to penalize libelant for what may have been the misguided zeal of the proctor, and to afford libelant another chance to complete the deposition and to proceed with the suit.

█ The motion is accordingly granted and the libel is dismissed unless libelant appears to complete his oral deposition at a time and place to be agreed between the parties and failing such agreement at a time and place to be fixed in the order to be settled hereon. Should libelant fail to appear to complete his deposition and this is established by affidavit, judgment of dismissal of the libel may be entered without further notice.

858

Finding that the refusal of libelant to appear as directed on March 25 was without substantial justification, libelant and the proctor for libelant are required to pay to respondent $25 as part of the reasonable expenses in obtaining the order. Supreme Court Admiralty Rule 32C.

Settle order on notice.