**FRANCHISE PROGRAMS, INC. (a New York Corporation), Plaintiff,**

v.

**MR. AQUA SPRAY, INC. (a Pennsylvania Corporation), Defendant.**

**No. 66 Civ. 868.**

United States District Court
S. D. New York.

Sept. 1, 1966.

———◆———

Gabriel I. Levy, Yonkers, N. Y., for plaintiff.

Fuchsberg & Fuchsberg, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff moves pursuant to Rules 30 (b) and 33 of the Federal Rules of Civil Procedure for a protective order (1) vacating and quashing the interrogatories heretofore directed by the defendant to the plaintiff; and/or (2) vacating and quashing the notice to take the deposition of plaintiff; and/or (3) changing the place designated to take the deposition from New York County to Westchester County; and/or (4) sustaining objections to various interrogatories.

On March 25, 1966, plaintiff commenced an action against defendant for damages arising out of the alleged breach of several agreements and for money had and received. Issue was joined by the filing of defendant's answer on June 14, 1966. At some time between June 20 and June 23, 1966, defendant served plaintiff's attorney with a notice to take the deposition of plain-tiff, by Alfred J. Modica, at the office of defendant's attorney in New York City on August 5, 1966. On the same date, defendant served a series of written interrogatories on plaintiff's attorney, with answers returnable in fifteen days.

Plaintiff's main contention is that defendant should not be allowed to seek written interrogatories and an oral deposition at the same time. Plaintiff relies heavily on two cases in this District, Isbrandsten v. Moller, 7 F.R.D. 188 (S.D. N.Y. 1947) and Currier v. Currier, 3 F.R.D. 21 (S.D.N.Y. 1942), which stand for the proposition that the two methods of examination will not be allowed concurrently. It should be noted that these cases were decided under Rule 33 before the 1948 amendment to the Rule became effective. The old Rule 33 contained a clause which stated: "No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party." The Court in the *Isbrandsten* and *Currier* cases, supra, construed this clause to mean that a party would be required to elect its discovery device. See Pleska v. Curtiss-Wright Corp., 7 F.R.D. 149 (S.D.N.Y. 1945); McNally v. Simons, 1 F.R.D. 254 (S.D.N.Y. 1940).

When Rule 33 was amended in 1946 (effective 1948) the above-mentioned clause was stricken and two sentences were inserted, reading as follows:

> Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment or oppression.

The plain meaning of the amended Rule 33 is that interrogatories may be served only *after* a deposition has been taken;

and a deposition may be sought only *after* interrogatories have been answered. Indeed, the Notes of the Advisory Committee on Amendments to the Rules speak of the use of one discovery device after another: "Rule 33, as amended, permits either interrogatories after a deposition or a deposition after interrogatories." Cases decided in this District under the amended Rule 33 have permitted depositions to be taken after interrogatories, Reid v. Harper & Bros., 17 F.R.D. 281 (S.D.N.Y. 1955); Kurt M. Jachmann Co. v. Hartley, Cooper & Co., 16 F.R.D. 565 (S.D.N.Y. 1954); Alexander v. Oberndorf, 13 F.R.D. 137 (S.D.N.Y. 1952); and interrogatories after depositions, Kensington Village Inc. v. Mengel Co., 14 F.R.D. 187 (S.D.N.Y. 1953). In contrast, defendant has been able to cite no case which states that depositions and interrogatories can be taken concurrently.

Defendant further argues that since the answers to the interrogatories were due in mid-July and the deposition was not to be taken until August 5, 1966, there was really no attempt on defendant's part to utilize both discovery devices simultaneously. However, a reading of Rule 33 reveals that it is not the return date but the date "after a deposition has been taken" or "interrogatories have been answered" that is crucial in determining whether to allow the other discovery device to proceed.

It should be noted that plaintiff has raised no objection to both answering the interrogatories and being orally examined. Plaintiff is in no manner attempting to imply that the two means of discovery are exclusive or alternative. Plaintiff's sole objection is that both means of discovery may not be resorted to concurrently. The Court fully agrees. Furthermore, the Court agrees with defendant's attorney's statement that information garnered from interrogatories may lay the foundation for questions asked at the oral examination and may narrow the issues so as to expedite the handling of the oral deposition. See 4 Moore, Federal Practice ¶33.09, at 2288 (2d ed. 1963) and 2A Barron & Holtzoff, Federal Practice and Procedure § 763, at 288 (Rules ed. 1961). Hence, the Court directs that plaintiff shall serve answers to defendant's interrogatories before the deposition shall proceed. The objections to the interrogatories are hereby referred to the Pre-Trial Examiner for his report. Plaintiff must serve its answers to the interrogatories within fifteen days of the further order of this Court dealing with the objections to interrogatories. In addition, defendant's notice to take the deposition of plaintiff is vacated and quashed, with leave to defendant to seek to take said deposition after the interrogatories have been answered.

In view of the foregoing, no decision is reached herein as to that part of plaintiff's motion requesting a change in the place of examination of Alfred J. Modica.

So ordered.