REGAN, Judge.
Plaintiff has applied to this court for supervisory writs, directing the District Court Judge to vacate a judgment which ordered her to appear in New Orleans, Louisiana, to permit defense counsel to take her deposition by oral examination. She resides in Anchorage, Alaska.
*728 The background of this matter is as follows:
Plaintiffs, Sherry Edens Hohner and Kenneth Hohner, filed a personal injury suit against defendants, Murphy Dufrene, The Travelers Insurance Company and the Department of Highways, State of Louisiana, which arose out of an automobile accident on October 24, 1969, in the City of New Orleans. When the accident occurred, plaintiffs were domiciled in Louisiana; however, when suit was filed, they had moved to Anchorage, Alaska.
On the date that the defendants filed an answer denying liability, they also served a notice on plaintiffs’ attorney to the effect that the discovery deposition of Sherry Hohner would be taken in New Orleans. Plaintiffs’ attorney then filed a motion to prevent the taking of the deposition in this city. After hearing argument, the trial judge dismissed the motion and ordered plaintiff to appear in New Orleans within ninety days from the date judgment was signed. When an application for a new trial on the motion was denied, plaintiff applied to this court for supervisory writs, and in the exercise of our supervisory jurisdiction, we granted an alternative writ ordering the trial court either to vacate the order or show cause why it should stand. The trial court did not voluntarily rescind the order.
The question now posed for our consideration is whether the lower court properly ordered the plaintiff to travel to New Orleans to permit defendants to depose her.
Relator attacks the validity of this order on several grounds; however, his primary argument is that the trial court has no jurisdiction over a non-resident of Louisiana. He further reasons she may be deposed by oral examination only if defendants follow the rationale of LSA-C.C.P. Art. 1431, which reads:
“If the witness whose deposition is to be taken resides out of this state, the law of the place where the deposition is to be taken shall govern the compulsory process to require the appearance and testimony of witnesses, but otherwise the provisions of this Chapter shall be applicable to such a deposition.”
Defendant takes the position that this article applies only to non-resident witnesses, not litigants who are domiciled out of state. We fully agree. In enacting this section of the Deposition and Discovery Act, the legislature recognizes a basic legal premise, and that is that Louisiana has no jurisdiction to compel non-resident witnesses to appear for depositions. Thus, the party wishing to depose an out-of-state witness must comply with the law of the forum where it is to be taken to compel the witness to appear.
We cannot logically hold Louisiana courts have no jurisdiction over the person of a non-resident plaintiff when she has submitted herself to this jurisdiction in filing her petition for damages in this forum. LSA-C.C.P. Art. 1 provides:
“Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.”
LSA-C.C.P. Art. 6 states in part:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
* * * * * *
“(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.”
We find no merit in the jurisdictional argument, however, we are convinced that the relator is entitled to the relief she requests under LSA-C.C.P. Art. 1452[1] which, inter alia, permits a trial *729 court to order a deposition cancelled to protect a party from “ * * * annoyance, embarrassment, oppression, or undue expense.”
In the instant case, relator would be required to expend $1,600.00 travel expense to appear here and from the nature of the case, we are not convinced that the defendants could not obtain the information they desire by other discovery devices. The record discloses that the defendants have not filed written interrogatories nor have they attempted to depose relator by written interrogatories.[2]
Defendants point out that our discovery statutes are modelled on the Federal Rules of Civil Procedure and have cited several federal decisions, based on rules analogous to our own, requiring a non-resident plaintiff to appear for a deposition in the forum where suit was filed. An analysis of these cases convinces us that an order requiring a non-resident to appear is discretionary and issues only when the circumstances are such that an oral examination is the only satisfactory way discovery may be made.[3]
For the reasons assigned, it is ordered that the judgment of the Civil District Court for the Parish of Orleans, Division C, requiring Sherry Eden Hohner to appear in New Orleans to permit defendants to take her discovery deposition by oral examination, be recalled. The matter is remanded to the district court for further proceedings in conformity with the views expressed hereinabove.
Writs made peremptory.

. “Art. 1452. Orders for the protection of parties and deponents
“After notice is served for taking a deposition by oral examination, upon mo *729 tion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may order that the deposition shall not be taken, or that it may be taken only at a designated time or place other than that stated in the notice, or that it may be taken on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents of information enclosed in sealed envelopes to be opened as directed by the court; or the court may render any other order which justice requires to protect the party or witness from annoy-anee, embarrassment, oppression, or undue expense.”

. LSA-C.C.P. Art. 1491 permits any party to serve interrogatories on an adverse party.

. These cases illustrate instances where non-residents were ordered to appear. In V. O. Machinoimport v. Clark Equipment Co. (D.C.S.D.N.Y.), 11 F.R.D. 55 (1951) a non-resident was ordered to appear for a deposition because the area of discovery involved technical problems of design and equipment that could not have been adequately explored with written interrogatories; in Alexander v. Oberndorf (D.C.S.D.N.Y.), 13 F.R.D. 137 (1952) an order issued to a psychiatrist in California to appear for a deposition in New York after written interrogatories were answered incompletely and failed to furnish the information sought to be discovered.